**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **AMERICAN SAVINGS BANK, F.A., et al.,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 92-872C** |
| | ) | **(Senior Judge Smith)** |
| **UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF A NEW FEDERAL CIRCUIT DECISION IN *LASALLE TALMAN BANK , FSB v. UNITED STATES***

Defendant, the United States, respectfully submits this response to the motion of plaintiffs, American Savings Bank, et al., for leave to file as supplemental authority the decision of the United States Court of Appeals for the Federal Circuit in LaSalle Talman Bank v. United States, No. 05-5164, slip op. (Fed. Cir. Aug. 25, 2006). As we demonstrate below, plaintiffs blatantly misstate the holding of LaSalle. Properly applied, LaSalle requires the rejection of plaintiffs' unique, hypothetical cost of capital replacement claim, i.e., their "capital posting" claim.

Unlike plaintiffs here, the plaintiff thrift in LaSalle asserted a claim for cost of capital replacement damages based upon capital it actually raised in response to the phase-out provisions of the Financial Institutions Reform, Recovery, and Enforcement Act ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 (August 9, 1989). Slip op. at 3-4. Here, plaintiffs' "capital posting" claim is not based upon an actual capital raising transaction in response to FIRREA. Rather, it is based upon the admittedly fictional notion that, after FIRREA, American Savings Bank "posted" some of the real capital it had raised prior to FIRREA to compensate for the

elimination of some forbearance capital. Prior decisions of the Federal Circuit make clear that the sort of hypothetical capital replacement claim advanced by plaintiffs here is invalid. Granite Mgmt. Corp. v. United States, 416 F.3d 1373, 1381-82 (Fed. Cir. 2005); Fifth Third Bank of W. Ohio v. United States, 402 F.3d 1221, 1237 (Fed. Cir. 2005). LaSalle does not change this established precedent.

Plaintiffs' motion is wrong in several particulars as well. First, the benefit of the capital actually raised in LaSalle was not caluclated based upon the "safe rate of short-term Treasuries." Pl. motion at 2. Rather, the benefit was calculated based upon LaSalle's return on average assets. LaSalle Talman Bank v. United States, 64 Fed. Cl. 90, 112-13 (2005).

Second, contrary to plaintiffs' statement, the Federal Circuit did not "reject[] the government's argument that LaSalle was not entitled to recover because, absent the breach, the thrift would also have had to make payments for capital." Pl. motion at 2. In fact, the Federal Circuit expressly recognized the need to account for the capital payments the thrift would have made absent the breach. Slip op. at 7 ("the Claims Court did take into account but-for dividends"). It merely rejected our contention that the trial court's calculation of but-for the breach dividends was incorrect. Id. at 7-8. The Federal Circuit precedent concerning the requirement of accounting for the costs a plaintiff would have incurred absent the brief is clear. Bluebonnet Sav. Bank v. United States, 339 F.3d 1341, 1345 (Fed. Cir. 2003) ("the costs resulting from the breach must be reduced by the costs, if any, that the plaintiffs would have experienced absent a breach"); White v. Delta Constr. Int'l, Inc., 285 F.3d 1040, 1043 (Fed. Cir. 2002). Here, because everyone agrees that American Savings Bank would have made the

identical capital payments in the absence of the breach, there can be no cost of replacement damages.

For all of these reasons and those explained in our prior briefs, we respectfully request that the Court grant our pending motion for reconsideration and enter summary judgment for the United States upon plaintiffs' "capital posting" claim.

Respectfully submitted,

STUART E. SCHIFFER
Deputy Assistant Attorney General

DAVID M. COHEN
Director

s/Jeanne E. Davidson

JEANNE E. DAVIDSON
Deputy Director

s/William F. Ryan

WILLIAM F. RYAN
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Telephone: (202) 305-7568
Facsimile: (202) 305-7644

Attorneys for Defendant

Of Counsel:

SAMEER YERAWADEKAR
Trial Attorney

September 14, 2006

CERTIFICATE OF FILING

I hereby certify that on September 14, 2006, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE NOTICE OF A NEW FEDERAL CIRCUIT DECISION IN *LASALLE TALMAN BANK* , *FSB v. UNITED STATES*" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/William F. Ryan