IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 92-872 C
Senior Judge Loren A. Smith

AMERICAN SAVINGS BANK, F.A.
KEYSTONE HOLDINGS, INC.
KEYSTONE HOLDINGS PARTNERS, L.P.
N.A. CAPITAL HOLDINGS, INC.
NEW AMERICAN CAPITAL, INC.
NEW AMERICAN HOLDINGS, INC.
NEW WEST FEDERAL SAVINGS AND LOAN ASSOCIATION

Plaintiffs

v.
UNITED STATES

Defendant

**PLAINTIFFS' MOTION FOR PROMPT ENTRY OF PARTIAL FINAL JUDGMENT IN THE AMOUNT OF THE $55,028,000 THAT THE FEDERAL CIRCUIT AFFIRMED**

Pursuant to 28 U.S.C. § 2517 and the *Winstar* precedents of this Court and the Federal Circuit, plaintiffs American Savings Bank, F.A., Keystone Holdings, Inc., Keystone Holdings Partners, L.P., N.A., Capital Holdings, Inc. New American Capital, Inc., and New American Holdings, Inc. (collectively "Plaintiffs") respectfully request the Court to enter partial final judgment for Plaintiffs in the amount of $55,028,000. That is the amount this Court and the Federal Circuit have conclusively ruled the Government owes Plaintiffs as damages for the Government's breach of the Note Forbearance. *Am. Sav. Bank, F.A. v. United States*, 74 Fed. Cl. 756, 762 (2006) ("*Am. Sav. III*"); *Am. Sav. Bank, F.A. v. United States*, 519 F.3d 1316, 1324,

1328 (2008) ("*Am. Sav. IV*"). Regardless of what additional damages this Court may award Plaintiffs on remand, this Court's damages award of $55,028,000 for the Government's breach of the Note Forbearance, as affirmed by the Federal Circuit, is final, and Plaintiffs deserve prompt payment of that amount.

## BACKGROUND

Following years of discovery, testimony, and summary judgment briefing, this Court found the Government liable for breach of contract, *Am. Sav. Bank, F.A. v. United States*, 82 Fed. Cl. 509 (2002) ("*Am. Sav. I*"), and awarded damages to Plaintiffs of $401,534,000 for two separate claims of breach and two separate types of damages: First, for the Government's breach of the Note Forbearance, this Court awarded Plaintiffs $55,028,000 representing actual costs Plaintiffs paid to the providers of the costly cash capital that the breach required Plaintiffs to use to support the Note, net of an offset reflecting the interest earnings on cash capital. *Am. Sav. Bank, F.A. v. United States*, 62 Fed. Cl. 6, 11-14 (2004) ("*Am. Sav. II*"); *Am. Sav. III*, 74 Fed. Cl. at 759, 761-62. Second, for the Government's breach of the Warrant Forbearance, this Court unwound the Warrant exchange and awarded Plaintiffs restitution in the amount of $346,506,000, representing a portion of the $651.7 million that the Government extracted post-breach from the Warrant. *Am. Sav. II*, 62 Fed. Cl. at 14-19; *Am. Sav. III*, 74 Fed. Cl. at 759-62. Accordingly, the Court "directed [the Clerk] to enter judgment" against the Government in the amount of $401,534,000. *Am. Sav. III*, 74 Fed. Cl. at 762.

On appeal, the Federal Circuit affirmed this Court's ruling in favor of Plaintiffs on all matters of liability and breach. *Am. Sav. IV*, 519 F.3d at 1321, 1328. As to damages, the Federal Circuit affirmed this Court's "award of the actual costs Plaintiffs paid to capital providers to maintain regulatory capital compliance as a result of the elimination of the Note Forbearance by the enactment of FIRREA," "agree[d] that the offset calculation methodology applied by [this Court] was proper," and explicitly "affirm[ed] the damages award of $55,028,000 relating to the Note Forbearance." *Id.* at 1323, 1324 (citing *Am. Sav. II*, 62 Fed. Cl. at 14; *Am. Sav. III*, 74 Fed. Cl. at 762).

As to the breach of the Warrant Forbearance, the Court of Appeals held that this Court "improperly divided the contract" and thus "erred in awarding partial restitution" for the FSLIC Warrant. *Id.* at 1325.

Thus, the Federal Circuit affirmed this Court's findings on liability and its award of damages in the amount of $55,028,000 for the Government's breach of the Note Forbearance. *Id.* at 1321, 1323-24, 1328. The Federal Circuit reversed only the award of partial restitution for the separate claim regarding the Government's breach of the Warrant Forbearance, remanding the case back to this Court only "to determine if damages [for the breach of the Warrant Forbearance], as opposed to partial restitution, are proper under another theory." *Id.* at 1328.

The Government submitted to the Clerk of the United States Court of Appeals for the Federal Circuit a petition for rehearing on June 9, 2008. The Federal Circuit panel denied the petition on June 20, 2008 and issued its mandate on June 27, 2008.

Now, after nearly sixteen years of litigation, this case — which this Court considered to be "one of the strongest" of all the *Winstar*-related cases, *Am. Sav. Bank, F.A. v. United States*, 50 Fed. Cl. 586, 586 (2001); *Am. Sav. IV*, 519 F.3d at 1320 — is once again before the Court for concluding proceedings separate from the $55,028,000 damages award that the Federal Circuit affirmed. With no further appellate proceedings pending, this Court's damages award of $55,028,000 for the Government's breach of the Note Forbearance, as affirmed by the Federal Circuit, has now become final and judgment with respect to that breach should promptly be delivered to Plaintiffs. But unless the Court now enters a partial final judgment, the Government will pay Plaintiffs nothing until the entire litigation — including proceedings here and possible further appeal — is resolved, conceivably years from now. Nothing in that elapsed time would diminish Plaintiffs' entitlement to the Note damages final judgment of $55,028,000. That portion of the judgment is, and shall remain, fixed and final.

Accordingly, Plaintiffs respectfully ask the Court immediately to enter partial final judgment to Plaintiffs for the affirmed damages award of $55,028,000, while continuing the remaining matters *sub judice* for further proceedings.

## ARGUMENT

### I. PLAINTIFFS ARE ENTITLED TO PROMPT PARTIAL FINAL JUDGMENT OF $55,028,000

#### A. This Court is Bound by the Federal Circuit's Affirmance of the Note Forbearance Award and Accordingly May Enter Partial Final Judgment Pursuant to 28 U.S.C. § 2517

This Court is plainly authorized to enter partial final judgment against the United States prior to the consideration of remanded issues. 28 U.S.C. § 2517 specifically authorizes the Court now to enter such a judgment:

> [E]very final judgment rendered by the United States Court of Federal Claims against the United States shall be paid out of any general appropriation therefor . . . . *[If] the judgment is designated a partial judgment, . . . only the matters there shall be discharged*.

28 U.S.C. § 2517(b) (emphasis added); *see also Doty v. United States*, 109 F.3d 746, 747 (Fed. Cir. 1997) ("payment of partial judgments is authorized by 28 U.S.C. § 2517"); *Nat'l Australia Bank, N.A. v. United States*, 74 Fed. Cl. 435, 437-38 (2006) ("the statute . . . provides for the entry of partial final judgment . . . post-appeal").

Furthermore, under the law of the case doctrine, this Court is bound by the Federal Circuit's affirmance as to the Note Forbearance award. "All matters decided by the Federal Circuit have been made the law of this case. We would not be permitted on remand, to rule inconsistently with what has been decided." *Home Sav. of Am., F.S.B. v. United States*, 69 Fed. Cl. 187, 192 (2005); *Nat'l Australia*, 74 Fed. Cl. at 437 (same); *see also N. Helex Co. v. United States*, 634 F.2d 557, 560 (Ct. Cl. 1980) (en banc) ("the [trial] court 'is bound by the [Court of Appeals'] decree as the law of the case[] and must carry it into execution . . . . [The trial] court cannot vary it, or examine it for any other purpose than execution, . . . or review it, even for

apparent error, upon any matter decided on appeal'") (quoting *In re Sanford Fork & Tool Co*., 160 U.S. 247, 255 (1895)). Accordingly, nothing this Court decides with regards to the remanded issue will affect the affirmed portion of judgment that Plaintiffs now seek to enforce. That portion is now fixed and final.

**B. As *King*, *National Australia* and *Home Savings* Demonstrate, This Court is Fully Empowered to Issue a Partial Final Judgment**

As explained in the Federal Circuit's decision in *King*, and Judge Bruggink's decisions in *Home Savings* and *National Australia*, where the Federal Circuit has "affirm[ed] a specific portion of the trial court's original single judgment," this Court "on remand [can] split that judgment by directing partial judgment on the affirmed portion." *Nat'l Australia*, 74 Fed. Cl. at 437-38 (citing *King Instrument Corp. v. Otari Corp*., 814 F.2d 1560 (Fed. Cir. 1987)). In such situations, the Federal Circuit's decision in *King* controls. *Home Sav. of Am., F.S.B. v. United Sates*, 69 Fed. Cl. 187, 190 (2005) ("outcome . . . is controlled by the Federal Circuit's decision in *King*" (citing *King*, 814 F.2d at 1560)).

In *King*, the trial court awarded plaintiff two categories of damages for the infringement of a single patent: lost profits for machine damages and lost profits from the sale of spare parts. 814 F.2d at 1562. The Federal Circuit affirmed the portion of the trial court's original award related to machine damages but vacated and remanded the award related to spare parts. *King Instrument Corp. v. Otari Corp*., 767 F.2d 853, 865 (Fed. Cir. 1985). On remand, but prior to any further trial proceedings, the trial court "enter[ed] judgment against [the defendant] [as to the affirmed portion of] . . . damages and order[ed] execution thereof." *King*, 814 F.2d at 1561-62.

On further appeal, the Federal Circuit explained that it was "not incorrect or an abuse of discretion for the trial judge to order execution on that portion of the judgment which was final, while reserving the issue of spare parts" and such an order was "entirely in accord with [the Court of Appeals'] prior mandate." *Id*. at 1563. Moreover, "[i]n light of the length of time that has elapsed since these parties first were involved in litigation . . . the [trial] court could certainly decline to insist that [plaintiff] wait even longer before receiving compensation for machine damages which are, at this point, both uncontested and absolute." *Id.* Accordingly, the Federal Circuit sustained the lower court's partial final judgment.

In *Home Savings*, another *Winstar*-related case, Judge Bruggink addressed two claims for breach damages. The plaintiffs claimed damages for breach of contract related to the acquisition of (i) a federally-insured thrift and (ii) a group of Ohio-insured thrifts. 69 Fed. Cl. at 188. The Federal Circuit affirmed Judge Bruggink's award of $134 million cost-of-capital damages for the contract breach regarding the federally insured thrift, but remanded certain issues regarding the Ohio-insured institutions. *Home Sav. of Am., F.S.B. v. United States*, 399 F.3d 1341, 1344, 1357-58 (Fed. Cir. 2005). On remand, Judge Bruggink rejected the Government's objections and directed the clerk to enter "partial final judgment in favor of plaintiffs against the United States in the amount of $134,045,000" because the "government's liability . . . [was] fixed" as to that aspect of the case and there was "no possibility of conflict." *Home Sav.*, 69 Fed. Cl. at 192. The court subsequently ordered "[d]efendant . . . to certify the partial judgment for payment of

$134,045,000 to the FSLIC Resolution Fund." *Id*. at 192-93. The Government paid the partial judgment.

In *National Australia*, a *Winstar*-related tax benefit litigation, Judge Bruggink further clarified the circumstances that warrant entry of partial final judgment. In that case, the trial court "granted plaintiffs' motion for summary judgment, finding that plaintiff was not allowed to deduct $103,155,357 in covered-asset losses on its tax returns because of the government's breach." 74 Fed. Cl. at 436 (citing *Nat'l Australia Bank, N.A. v. United States*, 63 Fed. Cl. 352 (2004)). The court also held that a certain tax benefit sharing ratio was applicable in quantifying plaintiff's damages related to the government's breach. *Nat'l Australia*, 63 Fed. Cl. at 362-63. On appeal, the Federal Circuit affirmed the trial court's "determination that plaintiff's covered-asset losses amounted to $103,135,373," but "did not affirm a specific quantum of damages because the intention of the parties as to the correct benefits sharing ratio was ambiguous." *Nat'l Australia*, 74 Fed. Cl. at 437, 439. Accordingly the Federal Circuit reversed the trial court's ruling and remanded the case for further proceedings. On remand, Judge Bruggink declined to enter partial final judgment, deeming it "premature" because a quantifiable portion of damages was "not effectively 'sever[ed]'" from the remanded proceedings where "ultimately, there [could] only be one correct calculation of damages." *Id*.

In reaching his decision, Judge Bruggink distinguished *National Australia* from the holdings in *Home* and *King Instrument*:

> In both *King* and *Home Savings*, . . . the trial courts entered partial judgment on remand after the Federal Circuit clearly affirmed a *definitive award quantum*. In addition, there were *two segregable categories of damages*, which enabled the Federal Circuit to find reversible error in the calculation of damages in one distinct category, without that error tainting the calculation of damages in the other category.

*Id*. at 438-39 (emphasis added).

Here, as in *King* and *Home Savings*, and unlike in *National Australia*, Plaintiffs presented two distinct, "segregable categories of damages." One claim produced an affirmed "definitive award quantum" of $55,028,000. There is no possibility of conflict with Plaintiffs' remaining claim related to the breach of the distinctive Warrant Forbearance. Any further decision in Plaintiffs' favor on remand will only increase Plaintiffs' damages award. *See Home Sav*., 69 Fed. Cl. at 190 (directing entry of partial final judgment where outcome of remanded issues "will have no effect" on plaintiff's affirmed damages award).

**C. Directing Prompt Entry of Partial Final Judgment Will Serve the Ends of Justice**

Permitting Plaintiffs to execute upon the final and irreversible portion of the judgment is squarely within the discretion of this Court and serves the ends of justice. Postponing Plaintiffs' receipt of what the Government owes Plaintiffs, and has owed the Plaintiffs for well over a decade, would further injure Plaintiffs and benefit only the breaching party. The award does not accrue pre-judgment or post-judgment interest. *See* 28 U.S.C. §§ 1961(c)(3), 2516(a). As noted by this Court in *Suess v. United States*, "the prohibition on pre-judgment interest . . . is a recurring problem in the *Winstar*-related cases, because the parties who are harmed, even when able to prove damages in these difficult and novel cases, will not be made fully whole." 52 Fed.

Cl. 221, 232 (2002); *Am. Capital Corp. v. United States*, 63 Fed. Cl. 637, 715 (2005) (same); *see also Republic Sav. Bank, FSB v. United States*, 80 Fed. Cl. 295, 304 (2008) (Smith, J.) (without prejudgment interest "complete justice cannot be done"). Any delay in payment, therefore, undeniably prejudices Plaintiffs. *See Home Sav.*, 69 Fed. Cl. at 192-93 ("due to the lack of interest accrual, [there is] every reason to issue a partial judgment . . . with respect to the affirmance of the prior judgment"). But unless the Court now enters a partial final judgment, the Government will pay Plaintiffs nothing until the entire litigation is resolved — perhaps many years from now. Plaintiffs have waited almost sixteen years for recompense in this litigation. There is no practical or equitable reason why they should be made to wait longer to recover on the affirmed portion of the judgment.

**CONCLUSION**

For the reasons stated, Plaintiffs respectfully urge the Court promptly to enter partial final judgment for Plaintiffs in the amount of $55,028,000, and schedule the remaining proceedings regarding Plaintiffs' damages for the Government breach of the Warrant Forbearance.

Respectfully submitted,

Dated: June 27, 2008

/s/ Melvin C. Garbow

Melvin C. Garbow
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5899
Fax: (202) 942-5999

*Attorney of Record for Plaintiffs American Savings Bank, F.A., et al.*

*Of Counsel:*
Howard N. Cayne
Kent A. Yalowitz
David B. Bergman
Michael A. Johnson
Joshua P. Wilson
Michael R. Hartman
Alexea R. Juliano

**CERTIFICATE OF SERVICE**

I certify that on this 27th day of June 2008, I caused the foregoing PLAINTIFFS' MOTION FOR PROMPT ENTRY OF PARTIAL FINAL JUDGMENT IN THE AMOUNT OF THE $55,028,000 THAT THE FEDERAL CIRCUIT AFFIRMED to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: June 27, 2008

/s/ Alexea Ringo Juliano
Alexea Ringo Juliano