**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMERICAN SAVINGS BANK, F.A., et al., | ) | |
| | ) | No. 92-872C |
| Plaintiffs, | ) | (Senior Judge Smith) |
| v. | ) | |
| UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT IN THE AMOUNT OF $55,028,000**

Defendant, the United States, respectfully submits this opposition to the motion for entry of partial final judgment in the amount of $55,028,000 filed by plaintiffs, American Savings Bank, F.A., Keystone Holdings, Inc., Keystone Holdings Partners, L.P., N.A., Capital Holdings, Inc., New American Capital, Inc., and New American Holdings, Inc. (collectively "plaintiffs"). See Pl. Mot. Entry of Partial Final Judg. (June 20, 2008) ("Pl. Mot."). Although the United States Court of Appeals for the Federal Circuit affirmed $55,028,000 as damages for breach of the Note Forbearance, this is not sufficient grounds for partial final judgment at this stage. Plaintiffs' potential damages theory for breach of the Warrant Forbearance arises from the same indivisible transaction as the Note Forbearance. We thus respectfully request that the Court defer entry of final judgment with respect to the breach of the Note Forbearance until the Court has resolved plaintiffs' damages theory, if any, for breach of the Warrant Forbearance.

**PROCEDURAL BACKGROUND**

Plaintiffs filed suit in this Court alleging a breach of contract arising from the enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"),

Pub. L. No. 101-73, 103 Stat. 183 (Aug. 9, 1989) §§ 211, 401(a)(1). On December 18, 2006, the Court, upon summary judgment, found the Government liable and awarded plaintiffs $55,028,000 in expectancy damages for breach of the Note Forbearance. Am. Sav. Bank v. United States, 74 Fed. Cl. 756, 762 (2006). The Court also awarded plaintiffs $346,506,000 as partial restitution for breach of the Warrant Forbearance. Am. Sav. Bank v. United States, 62 Fed. Cl. 6, 14-19 (2004); Am. Sav., 74 Fed. Cl. at 761.

Plaintiffs requested that the Court enter final judgment, rather than partial judgment pursuant to Rule 54(b) of the Rules of the United States Court of Federal Claims ("RCFC"). See Pl. Mot. Final Judg. (Jan. 4, 2005). The Court granted plaintiffs' request. Am. Sav., 74 Fed. Cl. at 762. Moreover, at oral argument upon appeal, plaintiffs' counsel stated that all claims had been "merged into the final judgment," and that plaintiffs "stipulated to the entry of final judgment on all claims." Oral Argument (Dec. 7, 2007) at 22-23 (attached as Exhibit A).

Upon appeal, the Federal Circuit affirmed-in-part, vacated-in-part, and remanded the Court's decision. Am. Sav. Bank v. United States, 519 F.3d 1316, 1324-28 (Fed. Cir. 2008). The Federal Circuit affirmed this Court's findings regarding liability and the award of $55,028,000 for breach of the Note Forbearance, but reversed the Court's $346,506,000 partial restitution award on the grounds that the Warrant Forbearance was not divisible from the rest of the transaction. The Federal Circuit held that, "[b]ecause the Court of Federal Claims incorrectly found the contract divisible and awarded partial restitution on that basis, we reverse the trial court's award of partial restitution relating to the Warrant Forbearance and remand for the trial court to determine if damages, as opposed to partial restitution, are proper under another theory." Id. at 1328.

On June 20, 2008, the Federal Circuit denied our motion for rehearing with respect to the breach of the Note Forbearance. Also on June 20, 2008, plaintiffs filed a motion requesting that the Court enter partial final judgment for the $55,028,000 for the breach of the Note Forbearance. The mandate from the Federal Circuit issued on June 27, 2008.[1] This response follows.

**ARGUMENT**

The Court should deny Plaintiffs' request that the Court enter a $55,028,000 partial, final judgment for plaintiffs. Plaintiffs' request conflicts with this Court's standards for entry of partial final judgment, which require that the remaining claim not share the same core operative facts as the claim for which partial final judgment is sought. The breach of the Note Forbearance and Warrant Forbearance arises from the same indivisible transaction. Indeed, it was this indivisibility that caused the Federal Circuit to reverse this Court's grant of partial restitution for the Warrant Forbearance. Furthermore, plaintiffs have yet to present their damages theory, if any, with respect to the Warrant Forbearance upon remand, so the elements of proof for both damages theories could be intertwined. Indeed, if the Court concludes plaintiffs are not entitled to further recovery, the judgment need not be rendered piecemeal, as plaintiffs suggest. Thus, the Court should deny entry of final judgment with respect to the Note Forbearance as premature until such time as the Court has resolved the related Warrant Forbearance.

**A. Plaintiffs Have Not Satisfied This Court's Standards For Final Judgment**

Payments of judgments against the United States may only be made with respect to "final" judgments, partial or otherwise. 28 U.S.C. § 2517; see also 31 U.S.C. § 1304 (requiring

[1] Because plaintiffs filed their motion before the Federal Circuit's mandate, this Court did not possess jurisdiction to consider plaintiff's motion when it was filed. Moreover, the Court had not conducted a status conference or established any schedule for further proceedings at the time of filing. Accordingly, the Court should dismiss plaintiffs' motion and require refiling.

"final judgment" for payment from Judgment Fund).[2] Accordingly, any partial final judgment must be entered pursuant to RCFC 54(b), which governs "Judgment Upon Multiple Claims or Involving Multiple Parties." RCFC 54(b) provides that, "[w]hen an action presents more than one claim for relief . . . the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay . . . ." RCFC 54(b). Thus, the Court may enter partial, final judgment only if the Court concludes that the breach of the Note Forbearance is a separate "claim" from the breach of the Warrant Forbearance for the purposes of RCFC 54(b).

The Court should conclude that, although the Note Forbearance and Warrant Forbearance involve different amounts of capital, they are not separate "claims" for the purposes of RCFC 54(b). Both forbearances arose from the same core operative facts, came from the same indivisible transaction, and were affected by the same breach on the same date. Thus, under RCFC 54(b), the Note Forbearance and Warrant Forbearance are not separate "claims" that would make entry of partial final judgment appropriate.

In Adams v. United States, 51 Fed. Cl. 57, 59 (2001), this Court considered the standards applicable for the entry of partial final judgment pursuant to RCFC 54(b). In Adams, the Court concluded that four factors were relevant for determining whether multiple or separate claims are present, and that would thus permit entry of a partial, final judgment under RCFC 54(b):

---

[2] Although 31 U.S.C. § 1304 concerns payments from the Judgment Fund, payment of Winstar-related judgments are drawn from the Federal Savings and Loan Insurance Corporation ("FSLIC") Resolution Fund. Appropriate Source for Payment of Judgments in United States v. Winstar Corp. And Related Cases, 1998 WL 1180050 (O.L.G.) (July 22, 1998). Nevertheless, both 31 U.S.C. § 1304 and 28 U.S.C. § 2517 concern the payment of judgments against the United States and require that payments be made only for "final" judgments.

> (1) The extent of factual overlap; (2) whether separate causes of action depend upon proof of different facts or have different burdens of proof; (3) whether the application of res judicata considerations suggest that the claims are linked; and (4) whether the multiple relief is for the same injury.

Adams, 51 Fed. Cl. at 59.

All four Adams factors indicate that the Note Forbearance award for which plaintiffs seek partial final judgment and the reversed award with respect to the Warrant Forbearance are not separate claims under Rule 54(b).

First, the extent of factual overlap between the Note Forbearance award and Warrant Forbearance could not be greater. Both claims arise from the same contract, involve the same thrift, and were found to have been breached by FIRREA. Both claims arise out of the same facts concerning American Savings' capital, assets, and liabilities. Indeed, it was this very overlap that caused the Federal Circuit to conclude that the Warrant Forbearance was not divisible from the rest of the American Savings transaction, including the Note Forbearance. Am. Sav., 519 F.3d at 1328.

This factual overlap makes the entry of partial judgment here all the more inappropriate because the Court has not yet considered what claims, if any, remain to be resolved. Certainly, if the Court should conclude that all of plaintiffs' claims have been fully adjudicated, then there is no need for the Court to issue a partial judgment. Conversely, if the Court permits plaintiffs to assert a new measure of damages regarding the Warrant Forbearance, the nature of that theory will affect the plaintiffs' request for partial judgment.

To the extent that plaintiffs' yet-to-be-determined Warrant Forbearance damages theory shares factual underpinnings with their damages theory for breach of the Note Forbearance, entry

of partial final judgment may prejudice our ability to respond to plaintiffs' new theories. This would be particularly true if plaintiffs advance some form of expectancy damages theory for the Warrant Forbearance, as they did for the Note Forbearance. This uncertainty regarding the possible damages theories weighs against entry of partial, final judgment.

The second factor enunciated by this Court in Adams also counsels against the recognition of a separate claim for the purposes of RCFC 54(b). The request for relief regarding the Note Forbearance arises from precisely the same "cause of action" as the Warrant Forbearance, i.e., the breach of contract caused by FIRREA. The requests for relief arise from the same set of operative facts, i.e., the American Savings transaction and the subsequent breach. Despite involving different amounts of capital, the Note Forbearance and Warrant Forbearance are not separate claims for the purposes of Rule 54(b). Thus, final judgment should await resolution of all claims relating to that same core of operative facts.

The third Adams factor also fails to support plaintiffs' position. Res judicata applies with respect to a request for relief if it arises "with respect to all or any part of the transaction, or a series of connected transactions, out of which [an earlier] action arose." Adams, 51 Fed. Cl. at 59-60 (quoting Alyeska Pipeline Service Co. v. United States, 688 F.2d 765, 769 (Fed. Cir. 1982)). Given the shared core operative facts, res judicata would not permit the litigation of the issues surrounding the breach of the Warrant Forbearance after final judgment for the Note Forbearance. Indeed, under res judicata principles, entry of final judgment with respect to the Note Forbearance would bar any further relief "with respect to all or any part of the transaction." Adams, 51 Fed. Cl. at 60. In other words, any damages theory plaintiffs might advance with

respect to the Warrant Forbearance would be barred by the final judgment for the Note Forbearance, which was the same "claim" for the purposes of res judicata.

The final factor also contradicts plaintiffs' position. The same injury – the Government's alleged breach of contract – comprises the bases for plaintiffs' damages theories for both forbearances. Accordingly, plaintiffs cannot demonstrate that they seek a partial judgment for a separate claim, and they are accordingly not entitled to a partial judgment under RCFC 54(b) or any other Rule or provision of the law.

## B. Plaintiffs' Arguments Are Unavailing

Plaintiffs do not identify the standard they must satisfy to be entitled to partial final judgment, stating only in conclusory terms that, "nothing this Court decides with regards to the remanded issue will affect the affirmed portion of judgment that Plaintiffs now seek to enforce." Pl. Mot. at 6. When the factors set forth in Adams are considered, it is evident the plaintiffs are not entitled to partial final judgment because they have not established the existence of separate claims. Contrary to plaintiffs' argument, the determination of whether partial final judgment is appropriate does not depend upon whether any other developments could affect the award for the Note Forbearance. Rather, the Court must determine whether partial, final judgment for the Note Forbearance could affect any still-undefined damages theory for the Warrant Forbearance.

In support of their motion, plaintiffs rely upon the Federal Circuit's decision in King Instrument Corp. v. Otari Corp., 814 F.2d 1560 (Fed. Cir. 1987), and this Court's decisions in Home Savings of America v. United States, 69 Fed. Cl. 187, 190 (2005) and National Australia Bank v. United States, 74 Fed. Cl. 435, 437-38 (2006). Pl. Mot. at 6-9. None of these cases supports plaintiffs' claim for partial final judgment in this case.

In King, the Federal Circuit considered this Court's entry of partial final judgment with respect to one category of damages for patent infringement. The plaintiffs in King claimed two forms of damages for the infringement of the patent: machine damages and lost profits from the sale of spare parts. The Federal Circuit had earlier affirmed this Court's award for machine damages, bur remanded the lost profits claim for further consideration. This Court entered partial final judgment for the machine damages claim, which the Federal Circuit affirmed. King, 814 F.2d at 1561-62.

Here, unlike King, plaintiffs have not advanced two separate forms of damages. Instead, there is one breach that affected two amounts of capital, the Note Forbearance and Warrant Forbearance. Although these are separate amounts of capital, the type of injury, i.e., the loss of the ability to count the capital toward the thrift's regulatory capital requirements, is identical. By contrast, in King, the machine damages and lost profits were different forms of damage that involved different actions at different times. Thus, King does not support plaintiffs' claim.

Similarly, in Home Savings, this Court only granted partial, final judgment after determining that there was "no possibility of conflict" between the Federal Circuit's award of damages and the remaining claim upon remand. Home Sav., 69 Fed. Cl. at 192. The Court based this finding, in part, upon the fact that there were two different sets of transactions involved: the transactions for Federally-insured thrift, and state-insured thrifts. The Court, moreover, reached this conclusion only after both theories of damages were identified in detail. The Federal Circuit affirmed the trial court's award with respect to the Federally-insured thrift, but remanded for consideration of damages for the state-insured thrifts. Home Sav. of Am. v. United States, 399 F.3d 1341, 1357-58 (Fed. Cir. 2005).

In Home Savings, as in King, there were separate transactions and facts separating the two awards. In both cases, the trial courts knew the precise nature of the damage claims that remained to be adjudicated. In this case, however, there was only one transaction, with two different amounts of capital represented by the Note Forbearance and Warrant Forbearance. Also, any recovery for the Warrant Forbearance would be based upon an undisclosed theory.

Furthermore, the Court in Home Savings noted that the procedures it employed are intended to accomplish the same purposes as RCFC 54(b). Home Savings, 69 Fed. Cl. at 189 n.2. Accordingly, the Adams factors remain relevant under Home Savings. As we have demonstrated above, the Note Forbearance and Warrant Forbearance share a common core of operative facts, making partial final judgment inappropriate. Home Savings therefore does not weigh in favor of partial final judgment.

Moreover, in National Australia, this Court denied entry of partial, final judgment where the Federal Circuit had not affirmed a "definitive award quantum" and the plaintiffs did not advance "segregable categories of damages." Nat'l Australia, 74 Fed. Cl. at 439. Plaintiffs, at most, have met the first of these criteria, but not the second. Plaintiffs assert that their Warrant Forbearance damages are "segregable" from the Note Forbearance because any damages upon remand "will only increase Plaintiffs' damages award." Pl. Mot. at 9. This is not the proper analysis. Here, the two forbearances represent different amounts of capital, but the damages calculations for both arise from the same core operative facts. Also, as noted above, we do not know plaintiffs' damages theory for the Warrant Forbearance, if any. Thus, judgment with respect to the Note Forbearance could complicate, or foreclose, the calculation of any additional damages with respect to the Warrant Forbearance.

Furthermore, in National Australia, the Court found that, "[h]ere, there was only one transaction, and ultimately, there will only be one correct calculation of damages. An appeal from a partial judgment would thus unavoidably duplicate both liability and damages issues in the event of a subsequent appeal of the final judgment. Both judgments would arise out of a single indivisible transaction." Id. Here, both the Note Forbearance and Warrant Forbearance "arise out of a single indivisible transaction." Id. Indeed, it was this very indivisibility that resulted in the Federal Circuit's reversal of this Court's earlier grant of partial restitution. Am. Sav., 519 F.3d at 1328. Thus, as in National Australia, this Court should defer entry of final judgment until all damages claims arising from the same "indivisible transaction" have been resolved.

Finally, judicial economy militates against subdivision of the components of plaintiffs' damages awards at this time. Plaintiffs will soon unveil whatever damages theory they present for the breach of the Warrant Forbearance. After they do so, this Court will likely decide shortly what further proceedings are necessary. Accordingly, the Court's long-standing practice of not subdividing cases for separate treatment of individual issues should prevail. Indeed, there is no reason to set a precedent in this case that could lead to extensive motions practice and procedural disputes regarding the finality of parts of judgments in other cases.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny plaintiffs' motion for partial final judgment.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

s/ John J. Todor
JOHN J. TODOR
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 616-2382
Facsimile: (202) 514-8640

Attorneys for Defendant

Of Counsel:

SCOTT D. AUSTIN
Senior Trial Counsel
Civil Division
Department of Justice

July 14, 2008

**CERTIFICATE OF SERVICE**

I certify that on this 14th day of July 2008, I caused the foregoing "DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT IN THE AMOUNT OF THE $55,028,000" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ John J. Todor