IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 92-872 C
Senior Judge Loren A. Smith

AMERICAN SAVINGS BANK, F.A.
KEYSTONE HOLDINGS, INC.
KEYSTONE HOLDINGS PARTNERS, L.P.
N.A. CAPITAL HOLDINGS, INC.
NEW AMERICAN CAPITAL, INC.
NEW AMERICAN HOLDINGS, INC.
NEW WEST FEDERAL SAVINGS AND LOAN ASSOCIATION

Plaintiffs

v.
UNITED STATES

Defendant

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PROMPT ENTRY OF PARTIAL FINAL JUDGMENT IN THE AMOUNT OF THE $55,028,000 THAT THE FEDERAL CIRCUIT AFFIRMED**

Plaintiffs American Savings Bank, F.A., Keystone Holdings, Inc., Keystone Holdings Partners, L.P., N.A. Capital Holdings, Inc., New American Capital, Inc., New American Holdings, Inc., and New West Federal Savings and Loan Association (collectively, "Plaintiffs") respectfully submit this reply in support of their motion for prompt entry of partial final judgment for Plaintiffs in the amount of $55,028,000. The Federal Circuit affirmed this Court's damages award for Defendant's breach of the Note Forbearance in the amount of $55,028,000. Defendant petitioned for a panel rehearing of the Note Forbearance decision. The Federal

Circuit denied the petition and issued its mandate on June 27, 2008.[1] Thus, the Federal Circuit has ruled that Defendant owes Plaintiffs $55,028,000 in damages for breach of the Note Forbearance. There is no just reason why Defendant should not pay that amount as quickly as the Court's procedures allow. Accordingly, Plaintiffs respectfully request that the Court promptly enter partial final judgment for Plaintiffs in the amount of $55,028,000.

## ARGUMENT

### I. *KING INSTRUMENT CORP.*, NOT RULE 54(B), CONTROLS THIS CASE

Defendant claims that Rule 54(b) precludes partial final judgment. Def.'s Opp. 3-7 (citing RCFC 54(b); *Adams v. United States*, 51 Fed. Cl. 57 (2001)). Defendant made the same argument in *Home Savings*, contending "that the only mechanism available to [the court] for splitting an action into multiple judgments is Rule 54(b) [and] . . . that the requirements of that rule [as set forth in *Adams* were] not satisfied." *Home Sav. of Am., F.S.B. v. United States*, 69 Fed. Cl. 187, 189 (2005). In *Home Savings*, Judge Bruggink—who authored the *Adams* decision—rejected this contention and "agree[d] with plaintiffs" that Rule 54(b) and *Adams* do not apply where the Federal Circuit has affirmed a portion of the damages claimed and remanded for a further award of damages. *See id.* at 190. Judge Bruggink explained that "Rule 54(b) presents a trial court with options ***prior to appeal***," but once the Circuit has affirmed a discrete

[1] Defendant urges the Court to dismiss Plaintiffs' motion and require refiling because Plaintiffs filed their motion with this Court before the Federal Circuit's mandate came down to this Court. *See* Def.'s Opp. 3 n.1. That would be pointless. It is also wrong. Plaintiffs electronically filed their motion on June 27, 2008, the day the Federal Circuit issued its Mandate, returning jurisdiction to this Court. Notice of the filing was sent to Defendant by operation of the Court's electronic filing system.

element of damages, "[w]e find ourselves in a different posture"—one in which the "outcome . . . is controlled by the Federal Circuit's decision in *King Instrument Corp.*" *Id.* (citing *King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560 (Fed. Cir. 1987) (emphasis supplied)). In *King*, "[t]he Federal Circuit held that the [trial] court had authority to execute the affirmed portion of [a] judgment prior to reviewing the remanded issues." *Home Savings*, 69 Fed. Cl. at 191 (citing *King*, 814 F.2d at 1564).

Here, as in *Home Savings*, Rule 54(b) and *Adams* are inapposite. Plaintiffs do not seek certification to permit an interlocutory appeal of a separable claim for relief—which is the purpose of Rule 54(b). Rather, they seek entry of partial final judgment on the portion of the case that has been completed, including the exhaustion of defendant's appeal. Thus, *King Instruments* controls. In *King*, the trial court awarded $2.3 million for "machine damages" and $438,810 for "spare parts damages," both of which arose from the same facts and were part of a single claim of patent infringement. *See King*, 814 F.2d at 1561, 1563. On appeal, the Federal Circuit affirmed the machine damages but remanded the spare parts damages to the trial court. *See id.* at 1563. On remand, the trial court entered partial final judgment for the machine damages. *Id.* In an appeal of that award, the defendant argued that the trial court had "impermissibly split[] a *single claim*, contrary to [Rule] 54(b)." *Id.* (emphasis added). The Federal Circuit rejected the argument and affirmed the partial final judgment for machine damages. *Id.*; *accord Home Sav.*, 69 Fed. Cl. at 190 (following *King*); *Nat'l Australia Bank v. United States*, 74 Fed. Cl. 435, 438 (2006) (Bruggink, J.) (same).

## II. THIS CASE MEETS THE TEST FOR PARTIAL FINAL JUDGMENT DEVELOPED IN *NATIONAL AUSTRALIA*

In *National Australia*, the Court observed:

> In both *King* and *Home Savings*, . . . the trial courts entered partial judgment on remand after the Federal Circuit clearly affirmed a ***definitive award quantum***. In addition, there were ***two segregable categories of damages***, which enabled the Federal Circuit to find reversible error in the calculation of damages in one distinct category, without that error tainting the calculation of damages in the other category.

*Id.* at 438-39 (emphasis added). This case meets that test. The Circuit has affirmed a "definitive award quantum" of $55,028,000, as defendant appears to concede. Def. Opp. 9. And the Note Forbearance damages are "segregable" from the Warrant Forbearance damages.

### A. Plaintiffs' Damages for Breach of the Warrant Forbearance Are "Segregable" From Damages for Breach of the Note Forbearance

Defendant argues that "the Note Forbearance and Warrant Forbearance 'arise out of single indivisible transaction' . . . [and that such] indivisibility . . . result[ed] in the Federal Circuit's reversal of this Court's earlier grant of partial restitution" related to Plaintiffs' claim for breach of the Warrant Forbearance. Def.'s Opp. 10. But contrary to Defendant's assertions, the Federal Circuit did not hold that the *damages* for breach of the Warrant Forbearance were not "segregable" from the *damages* for breach of the Note Forbearance. To the contrary, the Circuit *affirmed* the Note Forbearance damages and remanded for *separate* consideration of the Warrant Forbearance damages. As in *King*, two distinct damages arose out of a common nucleus of operative fact. The Circuit's holding that partial restitution is not an available remedy for breach of the Warrant Forbearance is expressly tempered with a remand for consideration of the

*damages* arising out of that breach. *See Am. Sav. Bank, F.A. v. United States*, 519 F.3d 1316, 1324-28 (Fed. Cir. 2008).

In addition, and contrary to Defendant's argument, the injury imposed by the breach of the Note Forbearance is quite distinct from the injury imposed by the breach of the Warrant forbearance. The Note Forbearance promised no capital whatsoever. Instead, it freed Plaintiffs from the need to support the FSLIC Note with capital. On that basis the parties agreed that the FSLIC could pay a lower interest rate on the FSLIC Note. The value of the Note Forbearance to the Plaintiffs was an indefinite amount that would vary as FSLIC might change the general requirements for regulatory capital. The greater the requirement for regulatory capital (*i.e.*, 5% vs. 3%), the more valuable the Note Forbearance.

In contrast, the Warrant Forbearance promised Plaintiffs $167 million dollars of capital, that being the agreed "fair value" of the Warrant, for each of ten years commencing December 28, 1988, without the GAAP accounting offset that would have nullified the Warrant transaction. The $167 million was a fixed amount never to change during the promised period. Whatever FSLIC might require in the way of regulatory capital (*i.e.*, 5% vs. 3%), the Warrant Forbearance would only provide Plaintiffs with the promised $167 million.

Thus, the abrogation of the $167 million Warrant Capital injured Plaintiffs in ways distinct from the Note Forbearance damages.

## III. PARTIAL FINAL JUDGMENT WILL NOT PREJUDICE DEFENDANT

Defendant argues that "entry of partial final judgment may prejudice [its] ability to respond to plaintiffs' new theories [regarding damages for the breach of the Warrant

Forbearance.]" Def.'s Opp. 6. That is transparently false. Defendant can respond to Plaintiffs' proof of damages with any defenses available under the Circuit's remand, whether or not the Court enters partial final judgment and requires prompt payment of amounts that can no longer be contested under the law of the case. The only prejudice that will befall Defendant if it pays the fully adjudicated, finally affirmed judgment of $55,028,000 is that it will no longer be able to pocket the interest on that amount. But that is not a prejudice worthy of this Court's respect. It would be unjust for Defendant to continue to withhold its payment of that $55,028,000 until some indeterminate future day when this Court and the Federal Circuit will quantify the remaining damages in the case. Payment delay will only enrich the adjudicated wrongdoer. The Federal Circuit has now told Defendant that it owes Plaintiffs $55,028,000. It is time for Defendant to pay its bill.

## IV. DEFENDANT'S DEMAND FOR JUDICIAL ECONOMY LACKS SUBSTANCE

Defendant also argues that "judicial economy militates against subdivision of plaintiffs' damages awards at this time." Def.'s Opp. 10. This argument, too, is transparently hollow. This Court and the Federal Circuit have already "subdivided" Plaintiffs' damages into an affirmed portion and a remanded portion. There are no more judicial acts that will affect the quantum of the $55 million damages for breach of the Note Forbearance. The judiciary's job is over with regard to that portion of the damages, aside from the act of entering a final partial judgment. In truth, it is hard to take seriously Defendant's pleas about judicial economy when Defendant has waited almost sixteen years to recompense Plaintiffs in this litigation for breaches that took place nearly two decades ago.

## CONCLUSION

No just reason supports the further delay of entry of a final judgment, and no legal or procedural hurdle bars the immediate entry of partial final judgment. We therefore respectfully urge the Court to grant Plaintiffs' motion for partial final judgment in the amount of $55,028,000.

Respectfully submitted,

Dated: July 21, 2008

/s/ Melvin C. Garbow
Melvin C. Garbow
ARNOLD & PORTER LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
Tel: (202) 942-5899
Fax: (202) 942-5999

*Attorney of Record for Plaintiffs American Savings Bank, F.A., et al.*

*Of Counsel:*
Howard N. Cayne
Kent A. Yalowitz
David B. Bergman
Michael A. Johnson
Joshua P. Wilson
Michael R. Hartman
Alexea R. Juliano

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of July 2008, I caused the foregoing PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR PROMPT ENTRY OF PARTIAL FINAL JUDGMENT IN THE AMOUNT OF THE $55,028,000 THAT THE FEDERAL CIRCUIT AFFIRMED to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: July 21, 2008

/s/ Alexea Ringo Juliano
Alexea Ringo Juliano