**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMERICAN SAVINGS BANK, F.A., et al., | ) | |
| | ) | No. 92-872C |
| Plaintiffs, | ) | (Senior Judge Smith) |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME FOR FILING OF JOINT STATUS REPORT AND POSTPONEMENT OF STATUS CONFERENCE**

Pursuant to this Court's oral order at the July 31, 2008 status conference, defendant, the United States, respectfully submits this motion for 1) enlargement for the filing of the joint status report with plaintiffs, American Savings Bank, F.A., Keystone Holdings, Inc., Keystone Holdings Partners, L.P., N.A., Capital Holdings, Inc., New American Capital, Inc., and New American Holdings, Inc. (collectively "plaintiffs"); and 2) postponement of the status conference. We respectfully request that the Court grant the motion for enlargement for filing the joint status report from September 5, 2008, until October 31, 2008, to accommodate our need to analyze plaintiffs' computation and analysis of damages. Plaintiffs have informed us they will produce that computation and analysis by October 17, 2008. We simultaneously request a postponement of the status conference, currently scheduled for September 12, 2008, for the purpose of discussing the parties' joint status report, to a date as shortly after October 31, 2008, as is convenient for the Court. We have conferred with counsel for plaintiffs in attempt to reach agreement, but were unable to do so. Counsel for plaintiffs have informed us that they intend to file a response to this motion.

## PROCEDURAL BACKGROUND AND DISCUSSION

At the Court's July 31, 2008 status conference, the Court instructed the parties to confer and produce a joint status report concerning the projected case schedule by September 5, 2008, with a status conference to be held September 12, 2008. At the July 31 status conference, we requested that plaintiffs furnish a statement setting forth their proposed damages in advance of the status report, in order to enable us to analyze the statement and determine our view of the appropriate schedule for future proceedings in this matter. In turn, plaintiffs stated that they would provide a description of the categories of damages, with a "precise computation" to follow after the status report. Transcript (July 31, 2008) at 40 (attached as Exhibit A).

On August 25, 2008, we received a letter from plaintiffs addressing their proposed damages theories and trial schedule. See Letter from Yalowitz to Todor (August 25, 2008) (attached as Exhibit B). The letter states that plaintiffs intend to present evidence at trial concerning "one or more" of three damages theories, as well as a request for a jury verdict. The letter then contains a one-paragraph description of their proposed claims for lost profits and reliance damages, and a one-sentence description of their mitigation claim.

Although we recognize that plaintiffs stated at the July 31 status conference that they would provide a description of damages outlining the basis for the theories, rather than a "precise computation," for the joint status report, the description of damage theories and claims plaintiffs provided contains considerably less detail in terms of methodology, or supporting evidence, than we anticipated. None of the descriptions identify the witnesses, evidence, or calculations plaintiffs intend to present at trial. Significantly, as plaintiffs previously sought only restitution,

rather than damages, for the breach of the Warrant Forbearance, none of plaintiffs' current claims have previously been the subject of discovery or briefing before the Court.

Plaintiffs' lost profits and reliance theories also do not appear to have any connection with the evidence and damages theory this Court considered for the Note Forbearance, and the mitigation theory may or may not have a connection with the Note Forbearance evidence and damages theory. As a result, we are not in a position where we can meaningfully determine our view of an appropriate schedule for purposes of a joint status report. Although plaintiffs notified us of their categories of proposed damages, the current level of detail amounts to little more than the information typically contained in a complaint, rather than an analytical model setting forth a methodology for a computation and analysis of damages. Absent further disclosure regarding which theories plaintiffs actually intend to present at trial, as well as the methodology and support for those theories, we are unable to provide the Court with a meaningful proposal setting forth our view of the appropriate schedule for future proceedings in this matter.

In the August 25 letter, however, plaintiffs did state that on October 17, 2008, they would be able to produce their calculation and analysis of the damages to be proven at trial. We do believe that, upon receipt of that information, we will be able to engage in a meaningful determination of the necessary extent of preparation for trial that will be required and the appropriate schedule to allow sufficient time for that preparation. We estimate that we could perform this analysis and present a joint status report to the Court within two weeks of receiving plaintiffs' computation and analysis. Thus, we respectfully request that the Court enlarge the time for filing of the joint status report until October 31, 2008, with a status conference to be set shortly thereafter to discuss the parties' respective projected case schedules.

Lastly, having reviewed plaintiffs' proposed case schedule, we do feel compelled to inform the Court that our initial evaluation of the necessary time for trial preparation and, potentially, length of trial differs considerably from plaintiffs. Plaintiffs have proposed a March 2009 trial date, with two weeks allotted for trial. In our experience, both of these time measures are unrealistic. Based upon our previous experience with Winstar damages trials, and given that plaintiffs' claims are both numerous and new, we find it highly unlikely that the necessary time for preparation of witnesses and case theories, discovery, and pretrial briefing would allow for trial before September 2009. We say this reluctantly because we are anxious to see this case, as well as all the remaining Winstar cases, resolved as quickly as possible. Our current belief that trial could occur in September 2009 also does not account for a period devoted to mediation. If the parties desire mediation, additional time would be needed.

Moreover, in our experience, Winstar-related trials involving lost profits claims, which plaintiffs are now asserting, have been highly fact-intensive and have typically required trial lengths of, at minimum, three to six weeks. Plaintiffs are proposing lost profits, reliance, and mitigation damages, representing virtually all of the types of damages sought in Winstar trials, and the trial length would thus necessarily need to accommodate a wide range of evidence. We acknowledge that plaintiffs may have a different view regarding these issues, and that receipt of plaintiffs' computation and analysis of damages on October 17 may clarify the issues further. Nevertheless, neither the proposed March 2009 trial date, or two-week trial length, appear realistic.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court enlarge the time for filing of the joint status report until October 31, 2008, with a status conference to be set as soon after October 31, 2008, as is convenient for the Court.

Respectfully submitted,

MICHAEL F. HERTZ
Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kenneth M. Dintzer
KENNETH M. DINTZER
Assistant Director

s/ John J. Todor
JOHN J. TODOR
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit, 8th Floor
1100 L Street, NW
Washington, D.C. 20005
Telephone: (202) 616-2382
Facsimile: (202) 514-8640

Of Counsel:

SCOTT D. AUSTIN
Senior Trial Counsel
ELIZABETH A. HOLT
VINCENT PHILLIPS
Trial Attorneys
Civil Division
Department of Justice

September 4, 2008

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I certify that on this 4th day of September 2008, I caused the foregoing "DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME TO FILE JOINT STATUS REPORT" to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ John J. Todor