ARNOLD & PORTER LLP

**Kent A. Yalowitz**
Kent_Yalowitz@aporter.com

212.715.1113
212.715.1399 Fax

399 Park Avenue
New York, NY 10022-4690

August 25, 2008

John J. Todor
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
Attn: Classification Unit - 8th Floor
1100 L Street, NW
Washington, DC 20005

Re: *American Savings Bank, N.A. v. United States*, No. 92-872 C

Dear John:

As you know, Judge Smith has asked that the parties submit a joint status report to the Court by September 5, 2008, outlining the parties' proposals for further proceedings in this case.

Attached please find Plaintiffs' proposals, including a schedule for pretrial activities and trial. We have also set forth a description of the types of damages that Plaintiffs intend to seek as compensation for breach of the warrant forbearance.

Please provide us with your comments or counterproposals, if any, so that we may prepare a joint filing in accordance with the Court's request.

Sincerely,

Kent A. Yalowitz

**PLAINTIFFS' DRAFT OF 8/25/08**

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| AMERICAN SAVINGS BANK, F.A., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 92-872 C |
| THE UNITED STATES OF AMERICA, | ) | (Senior Judge Loren A. Smith) |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**JOINT CASE MANAGEMENT REPORT**

Pursuant to the Court's request, and Appendix A of the Rules of the Court of Federal Claims, the parties submit this Joint Case Management Report setting forth the parties' respective proposals for a schedule of pretrial activities and a trial to determine Plaintiffs' damages for breach of the Warrant Forbearance. Plaintiffs also set forth a description of the damages claims they intend to present at trial.

## I. PLAINTIFFS' DAMAGES CLAIMS

Pursuant to the Federal Circuit's mandate, Plaintiffs are to present to this Court evidence in support of damages for breach of Defendant's warrant forbearance promise, a promise the parties understood and intended to authorize Plaintiffs to treat as regulatory capital on New American's books the $167 million fair value of the stock purchase warrants issued by New American Capital Holdings, Inc. to Defendant as part of the Transaction (as defined in the parties' contract documents). Defendant breached that promise. Plaintiffs intend to present evidence in support of one or more of the following claims for damages.

### 1. Lost Profits

Defendant's warrant forbearance breach eliminated $167 million in regulatory capital from New American's books. Absent the breach, Plaintiffs would have used that capital to support more than $1 billion in additional income earning assets at New American. Based on the performance of actual assets on New American's books over the contract period, and evidence of the historical performance of other thrifts during that time, Plaintiffs will prove that Defendant's warrant forbearance breach caused New American substantial lost profits that this Court should award as damages.

### 2. Reliance Damages

Alternatively, Plaintiffs are entitled to recover their cost of performing the contractual obligations that Plaintiffs undertook in exchange for the warrant forbearance. As Defendants have acknowledged as an "uncontroverted fact," and as Plaintiffs will prove at trial, Plaintiffs agreed to pay to FSLIC a "second preference" in reliance on the warrant forbearance promise. When Washington Mutual acquired New American, Plaintiffs paid the FDIC an extra $150 million more than they would have paid in the absence of the Warrant Forbearance promise. The extra $150 million more that Plaintiffs paid to the FDIC pursuant to the second preference constitutes an expenditure made in reliance on Defendant's Warrant Forbearance promise. It is properly compensable as damages to Plaintiffs for the breach of that promise.

### 3. Mitigation Damages

The Court may also award as damages the cost to New American of replacing the $167 million in regulatory capital eliminated by the warrant forbearance breach.

**4. Jury Verdict Damages**

The Federal Circuit has held that where a breach of contract is established and injury to a Plaintiff is certain, any ambiguity as to the amount of damages owed should be construed against the party in breach. Plaintiffs will prove that they were severely injured by the warrant forbearance breach. Should the Court decide that the amount of damages owed to Plaintiffs for Defendant's breach cannot be ascertained with reasonable certainty, the Court should fashion a jury verdict damages award that fairly compensates Plaintiffs for their injuries.

## II. PROPOSED SCHEDULE OF PRETRIAL PROCEEDINGS

| EVENT | PLAINTIFFS' PROPOSAL | DEFENDANT'S PROPOSAL |
|---|---|---|
| Plaintiffs to provide Defendant with a calculation and analysis concerning the damages to be proven at trial. | **Fri., Oct. 17, 2008** | |
| Deadline for deposing the fact witness sponsor(s) of Plaintiffs' Damages Theories. | **Fri., Nov. 14, 2008** | |
| Defendant Discloses Counter-Damages Theories (if any). | **Fri., Dec. 5, 2008** | |
| Deadline for deposing Defendant's expert if any. | **Thurs., Jan. 8, 2009** | |
| Parties confer to make the exchanges required by paragraph 13 of Appendix A, including witness and exhibits lists. | **Fri., Jan. 9, 2009** | |
| Plaintiffs file Memorandum of Contentions of Fact and Law, deposition designations, and witness and exhibit lists (except for rebuttal and impeachment). | **Fri., Jan. 23, 2009** | |

| | | |
|---|---|---|
| Defendant files Memorandum of Contentions of Fact and Law, deposition designations, and witness and exhibit lists (except for impeachment). | **Fri., Feb. 20, 2009** | |
| Parties simultaneously file deposition counter-designations, register any objections to exhibits and witnesses, and file any motions *in limine*. | **Fri., Feb. 27, 2009** | |
| Parties simultaneously file responses to motions *in limine*, and any additional deposition designations required for purposes of completeness. Parties dispense with replies in support of motions *in limine*. | **Fri., Mar. 6, 2009** | |
| Final pretrial conference during which Court will hear oral argument upon and resolve any motions *in limine*, and rule upon objections to witnesses and exhibits. | **Fri., Mar. 13, 2009** | |
| Trial Commences. | **Mon., Mar. 16, 2009** | |
| Trial Ends. | **Fri. Mar. 27, 2009** | |

Melvin C. Garbow
ARNOLD & PORTER, LLP
555 Twelfth Street, NW
Washington, DC 20004
202-942-5000 (tel)
202-942-5999 (fax)

Kent A. Yalowitz
ARNOLD & PORTER, LLP
399 Park Avenue
New York, NY 10022
212-715-1000 (tel)
212-715-1399 (fax)

*Of Counsel:*

Howard N. Cayne
David B. Bergman
Michael A. Johnson
Joshua P. Wilson
Alexea R. Juliano
ARNOLD & PORTER, LLP
555 Twelfth Street, NW
Washington, DC 20004
202-942-5000 (tel)
202-942-5999(fax)

John J. Todor
Commercial Litigation Branch
Civil Division
UNITED STATES
DEPARTMENT OF JUSTICE
1100 L Street, NW
Washington, DC 20530
202 616 2382 (tel)
202 514 8640 (fax)

*Of Counsel*

Scott Austin
Elizabeth Holt