# In the United States Court of Federal Claims

No. 92-872C
Filed: September 10, 2008
FOR PUBLICATION

| | |
|---|---|
| AMERICAN SAVINGS BANK, F.A., et al., *Plaintiffs,* v. THE UNITED STATES, *Defendant.* | Partial Final Judgment; 28 U.S.C. § 2817; RCFC 54(b); *Adams v. United States*, Fed. Cl. 57 (2001); *King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560 (Fed. Cir. 1987); *Nat'l Australia Bank, N.A. v. United States*, 74 Fed. Cl. 435 (2006); *Home Sav. of Am., F.S.B. v. United States*, 69 Fed. Cl. 187 (2005) |

*Melvin C. Garbow*, Arnold & Porter, Washington, D.C. *Howard N. Cayne, Kent A. Yalowitz, David B. Bergman, Michael A. Johnson, Joshua P. Wilson, Michael R. Hartman, and Alexea R. Juliano*, Arnold & Porter, Of Counsel.

*John J. Todor*, Trial Attorney, with whom were *Michael F. Hertz*, Deputy Assistant Attorney General, *Jeanne E. Davidson*, Director, *Kenneth M. Dintzer*, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C. *Scott D. Austin*, Senior Trial Attorney, Commercial Litigation Branch, Of Counsel.

## OPINION and ORDER

SMITH, Senior Judge:

After nearly sixteen years of litigation, three opinions from this Court and one opinion from the Federal Circuit, Plaintiffs are now back before this Court requesting this Court to enter partial final judgment in the amount of $55,028,000. Plaintiffs' argument is simple: this amount should be paid promptly as this is the amount that this Court and the Federal Circuit have conclusively ruled that the Government owes to the Plaintiffs as damages for the Government's breach of the Note Forbearance.

The Government contends that this amount should be deferred, and that instead, the Government should continue to hold on to this award until the Warrant Forbearance damages award is finalized. The Government's theory in support of this is that because the Note Forbearance and Warrant Forbearance resulted from one indivisible transaction, there can only be one correct calculation of damages. An appeal from a partial final judgment, the Government argues, would duplicate both liability and damages issues in the event of a subsequent appeal of the final judgment. Further, the Government contends that judicial economy militates against subdivision of the Plaintiffs' damages awards at this time.

The Court is not persuaded by the Government's arguments. Instead, it is clear to the Court that the Circuit affirmed the Note Forbearance damages award and remanded for separate consideration the Warrant Forbearance damages award. In essence, this Court and the Federal Circuit have "subdivided" Plaintiffs' damages into an affirmed portion and a remanded portion. With regard to the affirmed portion, the judiciary is finished. Therefore, with respect to the Note Forbearance, that award is final and Plaintiffs are entitled to the prompt award of $55,028,000. If the Court were to not grant this award, and wait until all judicial acts became final with regard to the Warrant Forbearance, the Government would be unjustly enriched and the Plaintiffs' injury would be even greater as pre- or post-judgment interest may not be awarded in these types of cases. Hence, partial final judgment is not only appropriate, it is just. Therefore, the Court hereby **GRANTS** Plaintiffs' motion.

## PROCEDURAL HISTORY

After several years of discovery, testimony, and summary judgment briefing, this Court found the Government liable for breach of contract in *Am. Sav. Bank, F.A. v. United States*, 82 Fed. Cl. 509 (2002) (*Am. Sav. I)*. Thereafter, this Court awarded damages to Plaintiffs in the amount of $401,534,000 for two separate types of damages. First, the Court awarded Plaintiffs' damages for their "FSLIC Warrant" claim, for the Government's breach of the Warrant Forbearance in the amount of $346,506,000. Second, this Court awarded Plaintiffs' damages for their "FSLIC Note" claim, for the Government's breach of the Note Forbearance in the amount of $55,028,000. *Am. Sav. Bank, F.A. v. United States*, 62 Fed. Cl. 6, 11-14 (2004) (*Am. Sav. II*); *Am. Sav. Bank, F.A. v. United States*, 74 Fed. Cl. 756, 759, 761-62 (2006) (*Am. Sav. III*).

On appeal, the Federal Circuit affirmed this Court's findings of liability and further affirmed the award of $55,028,000 for the Government's breach of the Note Forbearance. However, the Circuit Court reversed this Court's ruling of $346,506,000 for partial restitution on the grounds that the Warrant Forbearance was not divisible from the rest of the transactions and remanded to determine "if damages [for breach of the Warrant Forbearance], as opposed to partial restitution, are proper under another theory." *Am. Sav. Bank, F.A. v. United States*, 519 F.3d 1316, 1328 (Fed. Cir. 2008) (*Am. Sav. IV*). The Government submitted a petition for rehearing which was subsequently denied and the mandate issued on June 27, 2008.

After the mandate issued, Plaintiffs filed a motion for partial final judgment requesting the Court to enter partial final judgment on the Note Forbearance award. After full briefing, the Court held oral argument. At the conclusion of the hearing, the Court granted Plaintiffs' motion. This opinion follows.

## DISCUSSION

Plaintiffs assert that this Court is bound by the Federal Circuit's affirmance of the Note Forbearance award and, therefore, may now enter a partial final judgment under 28 U.S.C. § 2517. Pl. Br. 5. Plaintiffs further assert that justice demands this result. Pl. Reply Br. 6.

In its brief in opposition, the Government raises several arguments. First, the Government argues that if partial summary judgment is to be granted this judgment must be entered pursuant to RCFC 54(b). *Id.* at 4. For the purposes of RCFC 54(b), the Government argues that the Court must make a determination that the Note Forbearance and Warrant Forbearance are separate claims.[1] *Id.* at 4. Second, the Government argues that in *Adams v. United States*, Fed. Cl. 57 (2001) the court considered the requirements applicable for the entry of partial summary judgment pursuant to RCFC 54(b) and that those standards have not been met.[2] *Id.* at 4-7. During oral argument, the Government withdrew its argument that RCFC 54(b) applies. Hr'g Tr. 22, July 31, 2008. Even so, the Government argued that "the Court should employ the same analysis as [held] in *Adams* . . . ." *Id.* Lastly, the Government argues that "judicial economy militates against subdivision of plaintiffs' damages awards at this time . . . and the Court's long-standing practice of not subdividing cases for separate treatment of individual issues should prevail."[3] D. Opp. 10.

### A. Under 28 U.S.C. § 2517 the Court has the Power to Enter Partial Final Judgment

28 U.S.C. § 2517 plainly authorizes this Court to enter partial final judgment against the

---

[1] RCFC 54(b) provides that, "[w]hen more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that this there is no just reason for delay . . . ." *Id.*

[2] The four factors that should be taken into consideration are: (1) The extent of factual overlap; (2) whether separate causes of action depend upon proof of different facts or have different burdens of proof; (3) whether the application of *res judicata* considerations suggest that the claims are linked; and (4) whether the multiple relief is for the same injury. *Adams*, 51 Fed. Cl. at 59.

[3] The Government also argues that the judgment cannot be paid from the Judgment Fund unless they are final. Def. Opp. at 4. The Court rejects this argument as the Court concludes that the award of damages can be treated as final for enforcement purposes. *Home Sav. of Am., F.S.B. v. United States*, 69 Fed. Cl. 187, 191-92 (2005).

United States prior to the consideration of remanded issues. Specifically, the statute provides:

> [E]very final judgment rendered by the United States Court of Federal Claims against the United States shall be paid out of any general appropriation therfor . . . unless
> the judgment is designated a partial judgment, in which event only the matters therein shall be discharged.

28 U.S.C. § 2517.

Under the law of the case doctrine, this Court is bound by the Federal Circuit's affirmance of this Court's decision as to the Note Forbearance award. See *Home Sav. of Am., F.S.B. v. United States*, 69 Fed. Cl. 187, 192 (2005) ("All matters decided by the Federal Circuit have been made law of this case. We would not be permitted on remand, to rule inconsistently with what has been decided"). Subsequently, this Court has the power to enter partial final judgment. However, even afforded with this power, the Court looks to the cases below for guidance with regard to whether partial final judgment is appropriate in this instance. The Court holds that it is.

### B. *King*, *National Australia* and *Home Savings* Support the Court's Decision to Issue a Partial Final Judgment

This Court is fully empowered to issue a partial final judgment where the Federal Circuit has "affirm[ed] a specific portion of the trial court's original single judgment." *Nat'l Australia Bank, N.A. v. United State*s, 74 Fed. Cl. 435, 437-38 (2006) (citing *King Instrument Corp. v. Otari Corp.*, 814 F.2d 1560 (Fed. Cir. 1987). This Court "on remand [can] split that judgment by directing partial judgment on the affirmed portion." *Id.*; *see also Doty v. United States*, 109 F.3d 746, 747 (Fed. Cir. 1997) ("payment of partial judgments is authorized under 28 U.S.C. § 2517"). In such situations, the Federal Circuit's decision in *King* controls. *Home Sav. of Am., F.S.B. v. United States*, 69 Fed. Cl. 187, 190 (2005). The Court, therefore, turns its attention to *King.*

In *King*, the trial court awarded two categories of damages for the infringement of a single patent: lost profits for machine damages and lost profits from the sale of spare parts. *King*, 814 F.2d at 1562. On appeal, the Federal Circuit affirmed the machine damages but vacated and remanded to the trial court the award related to spare parts. *King Instrument Corp. v. Otari Corp.*, 767 F.2d 853, 865 (Fed. Cir. 1985). Back on remand, the trial court entered partial final judgment for the machine damages. *King*, 814 F.2d at 1563. Defendant appealed this decision arguing that the trial court had "impermissibly split[ ] a single claim, contrary to 54(b)." *Id*. The Federal Circuit rejected this argument and affirmed the partial final judgment for damages. *Id*.

Throughout its brief, the Government argues that the Plaintiffs have not advanced two separate forms of damages as was done in *King*. Instead, the Government contends that there was only one transaction that contained two different amounts of capital represented by the Note Forbearance and the Warrant Forbearance. Def. Opp. 8. By having only one transaction, the Government argues that the Court cannot now split this single claim. *Id.*

The Court turns to a second case, *Home Savings*, a case that is directly on point with the case at hand and another of the many *Winstar*-related cases, to offer more analysis. In *Home Savings* the Plaintiffs claimed damages for breach of contract related to the acquisition of two types of thrifts: (1) a federally insured thrift; and (2) a group of Ohio insured thrifts. 69 Fed. Cl. at 188. On appeal, the Federal Circuit affirmed the damages award for federally insured thrift and remanded the case with regard to the Ohio insured thrifts. *Home Sav. of Am., F.S.B. v. United States*, 399 F.3d 1341, 1344, 1357-58 (Fed. Cir. 2005). On remand, and over the Government's objections, the court granted partial summary judgment as the court found the government's liability fixed and that there was "no possibility of conflict." *Home Sav.* 69 Fed. Cl. at 192. Again, the Government argues that this case can be distinguished from the case at hand because there was only one transaction that resulted in a Note and Warrant Forbearance. In *Home Savings*, the Government argues, there were two distinct transactions involved. Def. Opp. 8.

In *Nat'l Australia Bank*, 74 Fed. Cl. at 438-39, another *Winstar*-related tax case, the court declined to enter partial final judgment. Distinguishing its decision in *National Australia* from *King* and *Home Savings* the court held:

> In both *King* and *Home Savings*, . . . the trial courts entered partial judgment on remand after the Federal Circuit clearly affirmed a definitive award quantum. In addition, there were two segregable categories of damages, which enabled the Federal Circuit to find reversible error in the calculation of damages in one distinct category, without that error tainting the calculation of damages in the other category.

*Id.* at 438-39. The Government argues in this case that the nature of the damage claims that remain are unknown for the Warrant Forbearance. Def. Opp. 8-9. Additionally, the Government argues that a new damage award may be based upon an undisclosed theory, and that the award on the Warrant Forbearance is not segregable.

This Court is not persuaded by the Government's distinctions. It is clear to the Court that as in *King* and *Home Savings*, and articulated in *National Australia*, Plaintiffs have presented two distinct segregable categories of damages. As in King, two distinct damages arose out of a common nucleus of operative fact. Each claim, the Note Forbearance and Warrant Forbearance, imposed distinct injury due to the breach. The Note Forbearance promised no capital whatsoever. Whereas the Warrant Forbearance promised $167 million dollars in capital. Thus, these are two distinct segregable categories of damages.

Further, the Note Forbearance produced a definitive award quantum of $55,028,000. The Federal Circuit affirmed this award. The Government's time to apply for *certiorari* for review has expired and now that the deadline has expired the Government has exhausted its appeal rights on that decision. There remains no possibility of conflict with Plaintiffs' remaining claim related to the Warrant Forbearance. Any further decision by this Court will not decrease the Note Forbearance damages award but may only increase Plaintiffs' Warrant Forbearance damages award. In light of this, the Court is not persuaded by the Government's argument that there is a concern that splitting

and allowing two judgments may create conflicting judgments. *Adams*, 51 Fed. Cl. at 60.

**C. Justice Demands Partial Final Judgment**

The Court notes that this case has been litigated for almost sixteen years. To permit the Plaintiffs to receive its due based upon the final and irreversible portion of the judgment undeniably serves the ends of justice. Postponing Plaintiffs' receipt of what the Government owes to Plaintiffs would only serve to further injure the Plaintiffs and benefit the breaching party as the award does not accrue pre-judgment or post-judgment interest. *See* U.S.C. §§ 1961(c)(3), 2516(a). In many of these *Winstar*-related cases, this Court has emphasized that the parties are never fully whole due to the fact that pre-judgment interest cannot be awarded. *See, e.g. Suess v. United States*, 52 Fed. Cl. 221, 232 (200); *Republic Sav. Bank, F.S.B. v. United States*, 80 Fed. Cl. 295, 304 (2008); *Home Sav*. 69 Fed. Cl at 192-193. Further, if partial judgment is not awarded, it is as if the Government is receiving an interest free loan on behalf of the Plaintiffs. Thus, the Court cannot find any just reason why the Government should not pay this amount promptly.

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Plaintiffs' Motion to Enter Partial Final Judgment in the amount of $55,028,000. The Clerk is **DIRECTED** to enter partial judgment in favor of Plaintiffs against the United States accordingly.

**It is so ORDERED.**

s/Loren A. Smith
LOREN A. SMITH,
Senior Judge