IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMERICAN SAVINGS BANK, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Docket No. 92-872C |
| UNITED STATES, | ) |
| Defendant. | ) |

Thursday,
July 31, 2008

Live Tape

(The following transcript was transcribed from a digital recording provided by the United States Court of Federal Claims to Heritage Reporting Corporation on August 21, 2008.)

APPEARANCES:

On Behalf of Plaintiff:

MELVIN GARBOW, Esquire
KENT YALOWITZ, Esquire
MICHAEL JOHNSON, Esquire
JOSHUA WILSON, Esquire
Arnold & Porter, LLP
555 Twelfth Street, N.W.
Washington, D.C. 20004-1206
(202) 942-5000

to trial without the opportunity for the Court to consider the matter that way.

But we're happy to discuss filing a joint status report with the Plaintiffs. However, as Plaintiffs indicated, we might be able to agree to some things. There might be some things that we won't be able to agree to.

THE COURT: Okay. Mr. Todor, thank you.

MR. TODOR: Thank you, Your Honor.

THE COURT: What I was going to suggest in terms first, I think the joint status conference makes -- or joint status report followed by a conference makes sense. It also gets the parties talking to each other, which obviously is important in setting up schedules. What I was going to suggest is a report to the Court by say the 12th of September, a joint status report. Is that all right with the parties?

MR. YALOWITZ: We don't need that much time, Your Honor. I think we could do it two weeks from tomorrow.

THE COURT: Mr. Todor?

MR. TODOR: We think it would be helpful if the Plaintiffs would submit that or give us that statement of their proposed damages outline. I think

that would make us a lot more able to say what we would need in terms of trial preparation. So if the Court would envision Plaintiffs giving that statement to us, I think we could certainly work out the joint status report by September 12 if that were the case.

THE COURT: Okay. Well, I think the process needs to be also obviously a face meeting with counsel, so why don't we say Plaintiff begin the process and have something -- why don't you have something available by the end of August so we have at least some preliminary report. Let's see. How about the 26th, have an oral argument that day? No, I may be away for a few days. How about why don't we have a status conference on the 12th of September with the final joint status report, whether you agree or disagree, stating each party's position if you disagree. Submit it to the Court by the 5th of September. The Court can review it and we can have a meaningful discussion on the 12th, and the Court will be prepared to make decisions on the schedule.

Either of you have anything else on that?

MR. YALOWITZ: That sounds fine, Your Honor.

MR. TODOR: That's fine.

MR. YALOWITZ: One comment in response to Mr. Todor's --

THE CLERK: You need to be at the microphone. Sorry.

MR. YALOWITZ: One comment just on the subject of mediation. Both sides are interested in mediation. It's a very good idea, and we're going to explore it, but I don't want that to hold up the progress of the case. I think it's extremely important that the parties be motivated to resolve their dispute voluntarily if they're going to do so by the knowledge that the case is moving toward judgment in the absence of agreement. So we're interested in mediation, but we don't want to hold the case up for that, which I think is consistent with the Court's view.

THE COURT: Yes. I mean, the Court has found by far the most effective settlement device is a firm trial date, and more cases have been settled by ADR or mediation have been settled by that fact than any other technique.

MR. YALOWITZ: How does January of '09 look for the Court's calendar?

THE COURT: That may look a little hard. I think we're maybe talking about later. It's probably still going to be in Washington.

MR. YALOWITZ: Right.

THE COURT: So it may be possible, but probably more likely February or March.

MR. YALOWITZ: That would be great.

THE COURT: But anyway, let's consider mediation. The Court thinks obviously we should move ahead, but if either side has any ideas, I ask you share with them each other, and if you jointly feel that the Court can do anything to help, the Court would certainly be happy to do that. We have our ADR procedure where many try with our mediation judge, and that's a possibility. We also have I know a core of neutral mediators, third party neutrals I guess, and also the judiciary is doing a lot more with professional mediators, and that's also a possibility of using professional mediators from the judiciary to help this process. So any of those options, certainly the Court will be happy to support any of those options or any others you come up with for a mediation system or a mediator.

So I'll let you proceed on that. The parties, if you need the Court's assistance, obviously we can hold a status conference on fairly short notice to see what we can do to help. Anything else? Mr. Todor?

MR. TODOR: Yes, Your Honor. With respect

to the joint status report on September 5, would the Court like to set a date or the Plaintiffs propose to produce to us this statement outlining their damages claim, say a week or 10 days before that?

THE COURT: Mr. Yalowitz?

MR. YALOWITZ: That's fine. I think we can probably do it even before then. It wouldn't be a computation. It would be a description of the categories of damages, the basis for the theories. Then we would have a more precise computation further on, but it would give the Defendant an idea of what the shape of trial would be based on their prior experience with similar cases.

THE COURT: Okay.

MR. TODOR: Plaintiffs' counsel also I think used the word 26(a). I mean, it wouldn't be a precise analog, but if the Plaintiffs have an idea of what they're looking at in terms of witnesses, in terms of the type of proof, obviously any information number one that would be new and two will be helpful to us in seeing what agreements we can reach with Plaintiffs with respect to the schedule.

THE COURT: Okay. I mean, it does seem necessary for the Court to set a date for that, but we'll rely on counsel's cooperation.