**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |  |
|---|---|---|
| AMERICAN SAVINGS BANK, F.A., *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| *vs.* | ) ) | No. 92-872 C |
| UNITED STATES, | ) ) | (Senior Judge Loren A. Smith) |
| Defendant. | ) ) ) ) | |

**MOTION OF PLAINTIFFS AMERICAN SAVINGS BANK, F.A. AND NEW AMERICAN CAPITAL, INC. FOR LEAVE TO FILE SEPARATE POST-TRIAL BRIEF RELATING TO DISTRIBUTION OF DAMAGES**

Plaintiffs American Savings Bank, F.A. and New American Capital, Inc., by and through their successor in interest JPMorgan Chase Bank, N.A., respectfully request leave to submit a separate post-trial brief. The separate brief, which is hereby lodged as Exhibit A to this Motion, does not address the merits of the underlying damages claims, which have been fully briefed by Arnold & Porter on behalf of all plaintiffs. Rather, the separate brief is limited to the issue of the distribution of any damages the Court may award.

As named plaintiffs in the case, American Savings and New American Capital have every right to submit briefs on their own behalf. The plaintiffs in this case have been jointly represented throughout the litigation by Arnold & Porter, which has submitted a merits brief on behalf of all plaintiffs. That merits brief, however, did not address the crucial issue of which plaintiff should be awarded which damages. Nor could it, because of the conflict of interests that issue creates among the plaintiffs represented by Arnold & Porter. Therefore, it is appropriate

for American Savings and New American Capital to be heard on the question of distribution of damages.

In the alternative, JPMorgan Chase, as the successor in interest to American Savings and New American Capital, requests leave to file the brief as *amicus curiae*. When this Court denied JPMorgan Chase's prior motion to intervene, the Court indicated that if JPMorgan Chase "finds a reason that [its] views may be important to the Court, the Court will liberally consider a brief amicus brief, if that becomes something where they feel they can add a particular point or emphasis to an issue." Transcript of Feb. 6, 2009 hearing at 98.

The separate brief of American Savings and New American Capital is necessitated by the fact that the several plaintiffs in this case no longer share a common interest in the proceeds of any judgment. This is because in September 2008, the government seized Washington Mutual Bank, which was the successor to American Savings Bank and New American Capital, and placed it into receivership. The receiver (the FDIC) subsequently conveyed Washington Mutual Bank's assets, including its claims in this case, to JPMorgan Chase. As a result, and as explained more fully in the brief, there are now two distinct real parties in interest in the case: JPMorgan Chase, as successor in interest to American Savings Bank and New American Capital, and the bankruptcy estate of Washington Mutual Bank's former holding company, Washington Mutual Inc., as successor in interest to plaintiffs New American Holdings, Inc. and Keystone Holdings, Inc. Because damages paid to one will not be paid to the other, JPMorgan Chase and Washington Mutual Inc. have divergent interests in the award of any judgment in this case. It is thus no longer sufficient for the court to award damages to, or even make findings regarding, "the plaintiffs" collectively.

WAI-2933056v2

In the event the Court awards any expectancy damages in this case -- whether by way of lost profits, cost of replacement capital, or corresponding jury verdict damages -- the Court should enter judgment specifically in favor of American Savings Bank (lost profits) or New American Capital (cost of capital), as the plaintiffs entitled to those damages.  Under black-letter principles of corporate law, as confirmed repeatedly in other <u>Winstar</u>-related cases by this Court and the Federal Circuit, "damages suffered by a corporation are recoverable by the corporation, not by its shareholders."  <u>Statesman Savings Holding Corp. v. United States</u>, 41 Fed. Cl. 1, 16 (1998).  *See also*, *e.g.*, <u>Castle v. United States</u>, 48 Fed. Cl. 187, 199 (2000), *aff'd in part, vacated and rev'd in part on other grounds*, 301 F.3d 1328 (Fed. Cir. 2002) ("The lost profits claim belongs to the bank."); <u>Hometown Financial, Inc. v. United States</u>, 56 Fed. Cl. 477, 486 (2003), *aff'd*, 409 F.3d 1360 (Fed. Cir. 2005) ("a cause of action arising from an injury to a corporation belongs solely to the corporation").  *See generally* <u>American Capital Corp. v. United States</u>, 472 F.3d 859, 866-67 (Fed. Cir. 2006); <u>Caroline Hunt Trust Estate v. United States</u>, 470 F.3d 1044, 1053-54 (Fed. Cir. 2006); <u>Southern California Fed. Sav. & Loan Ass'n v. United States</u>, 422 F.3d 1319, 1331-32 (Fed. Cir. 2005).  This case law is more fully discussed in the separate brief submitted herewith.

In such circumstances it is improper to award judgment to "the plaintiffs" collectively. "[W]here the rights of the parties and the relief to which they are entitled are different, the judgment may not be joint but should be several."  A.C. Freeman, <u>A Treatise of the Law of Judgments</u> § 100 (5th ed. 1993).  "Thus, a joint recovery on separate, several, and independent causes of action in favor of separate plaintiffs is improper, and in such case a judgment which does not preserve the separate rights of each in the total recovery is illegal."  49 C.J.S. *Judgments* § 39 (2009).

It is also not sufficient to defer resolution of this issue to the Washington Mutual, Inc. bankruptcy court, or some other court.  Any such deferral will necessarily result in delay in receipt of the damages award.  This court's award of $55 million in damages for breach of the Note Forbearance was paid into the bankruptcy court in March 2009, but that court has yet to determine who should receive that award, nor has it issued any schedule for doing so.

Alternatively, in the event this court determines not to award damages to a specific plaintiff, we respectfully request that the Court at least make specific findings of fact and conclusions of law as to which plaintiff incurred which damages, so that another court may subsequently be able to distribute damages on an informed basis.  No other court will ever have this court's familiarity with the parties, the facts and theories underlying the damages claims, and the governing law that has developed in dozens of <u>Winstar</u>-related cases.  Other courts will inevitably look to this Court's findings for guidance.  It is therefore important that this Court make specific findings that those other courts may refer to.

For these reasons, plaintiffs American Savings Bank and New American Capital, by and through JPMorgan Chase Bank, respectfully request leave to file the attached brief.

Respectfully submitted,


Dated:  September 24, 2009                    /s/ Edwin L. Fountain_____
                                              Edwin L. Fountain
                                              JONES DAY
                                              51 Louisiana Ave., NW
                                              Washington, DC  20001-2113
                                              Tel:  (202) 879-3939
                                              Fax:  (202) 626-1700

                                              ***Counsel for Plaintiffs American Savings Bank,
                                              F.A. and New American Capital, Inc., through
                                              their successor in interest JPMorgan Chase
                                              Bank, N.A.***

## CERTIFICATE OF SERVICE

I certify that on this 24th day of September, 2009, I caused the foregoing copy of this Motion of Plaintiffs American Savings Bank, F.A. and New American Capital, Inc. for Leave to File Separate Post-Trial Brief Relating to Distribution of Damages to be filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Edwin L. Fountain