**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

|  |  |
|---|---|
| AMERICAN SAVINGS BANK, F.A. ) | |
| ) | No. 92-872C |
| Plaintiff, ) | |
| ) | (Senior Judge Smith) |
| v. ) | |
| THE UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' OPPOSITION TO
NON-PARTY CHASE'S MOTION FOR LEAVE TO FILE A POST-TRIAL BRIEF**

JP Morgan Chase ("Chase"), purporting to be the "successor in interest" to American Savings Bank, F.A. ("ASB") and New American Capital, Inc. ("NACI"), seeks leave to file a "separate post-trial brief." Chase did not —indeed, could not — participate in the now-completed underlying trial because this Court denied Chase's pretrial motion to intervene. Chase now asserts as the basis for filing a post-trial brief the same arguments the Court rejected back in February, but Chase gives no reason for the Court to revisit its decision. The Court should deny Chase's motion on that basis alone. Even if the Court were to entertain the substance of the motion, Chase's arguments remain unavailing.

The Court has already considered and rejected Chase's attempt to insert itself into this action. *See* Order (Feb. 9, 2009). Even a cursory comparison of Chase's earlier motion to intervene with its present motion to submit a brief demonstrates that Chase's current motion merely rehashes arguments upon which the Court has already ruled. In December, Chase argued

that "as successor in interest to" ASB and NACI,[1] Chase held the "right to certain damage[s] . . . namely, the cost-of-replacement capital damages . . . , the lost-profit damages . . . , and the related 'jury verdict' damages." Chase Mot. to Intervene (Dec. 24, 2008) ¶ 7, at 2-3.  Now, likewise, Chase argues that "any expectancy damages in this case — whether . . . lost profits, cost of replacement capital, or corresponding jury verdict damages" should be awarded to Chase's purported predecessors ASB or NACI.  Chase Mot. for Leave to File Separate Post-Trial Brief (Sept. 24, 2009) at 3.  In January, Chase argued that "[t]he Delaware bankruptcy court" overseeing the Washington Mutual, Inc. proceedings "is not the appropriate forum to resolve disputes over the apportionment of damages in this case."  Chase Reply in Support of Mot. to Intervene (Jan. 23, 2009) at 6.  Now, likewise, Chase argues that "[i]t . . . is not sufficient to defer resolution of [the damages-allocation] issue to the Washington Mutual, Inc., bankruptcy court, or some other court."  Chase Mot. for Leave to File Separate Post-Trial Brief (Sept. 24, 2009) at 4.

       The Court properly rejected those arguments last winter, and there is no reason to revisit them now.  Indeed, the parties' experience with the Note judgment — which was paid into the WMI bankruptcy estate and about which we have heard no complaint — demonstrates that Chase's purported concerns lack any substantial foundation.

       As we pointed out last winter, ASB and NACI — the entities to whose interests Chase claims to have succeeded — are already plaintiffs in this case, represented by Arnold & Porter LLP.  As Chase acknowledges, "[t]he plaintiffs in this case have been jointly represented throughout the litigation by Arnold & Porter."  Chase Mot. for Leave to File Separate Post-Trial

---

[1] Chase also claims to have succeeded to the interests of New American Capital Holdings, Inc. *See* Chase Mot. to Intervene (Dec. 24, 2008) ¶ 7, at 2-3.

Brief (Sept. 24, 2009) at 1.  Chase even admits that Arnold & Porter, "on behalf of all plaintiffs," has "fully briefed" the "merits of the . . . damages claims" presented at trial.  *Id.*  Thus, ASB and NACI *have already filed a post-trial brief*.  Having filed one brief, those parties should not be granted leave to file another.

In addition, and as we also noted last winter, ASB and NACI agreed long ago that they would stand aside and allow other plaintiffs to control this litigation.  Specifically, in 1996 ASB, NACI, and all other plaintiffs agreed — in a contract this Court has already reviewed in relevant part and found "pretty clear," Hrg. Tr. (Feb. 6, 2009) at 98 — that a jointly established "litigation committee" containing members appointed by WMI and Keystone Holdings Partners, Inc. (but not ASB or NACI) would "have the exclusive right" to direct and control the prosecution this action.  Merger Agreement (July 21, 1996) ¶ 2.3(e)(i), at 15 (filed with the Court on Dec. 5, 2008 at Dkt. No. 365).  The contract specifies that the litigation committee — which selected Arnold & Porter as the attorney for all plaintiffs and directed Arnold & Porter to pursue the litigation on behalf of all plaintiffs jointly, *see id.* ¶ 2.3(e)(ii), at 15 — "*shall have no duty to the WM Entities* [which include the successors to ASB and NACI[2]] to consider the interest any of such WM Entities may have in an early termination or resolution of the Case."  *Id.* ¶ 2.3(e)(iii), at 16 (emphasis added).

Thus, Chase's assertion that ASB and NACI "have every right to submit briefs on their own behalf" is simply wrong.  *See* Chase Mot. for Leave to File Separate Post-Trial Brief (Sept. 24, 2009) at 1.  ASB and NACI agreed in 1996 that Arnold & Porter would prosecute this case according to the direction of a litigation committee.  ASB and NACI agreed in 1996 that the committee would have "no duty" to consider the effect, if any, its instructions might have on

---

[2] *See* Merger Agreement (July 21, 1996) at 11.

3

ASB's and NACI's "interest" in the "resolution of the Case." As Chase is no doubt aware, absent a contrary arrangement the successor in interest to a corporation succeeds to the corporation's obligations as well as to its rights. *See*, *e.g.*, *Oxxford Clothes XX, Inc. v. Expeditors Int'l, Inc.*, 127 F.3d 574 (7th Cir. 1997) (Posner, J.) (stating general rule that a corporation that purchases all of the assets and liabilities of another corporation assumes its predecessor's contractual obligations); *Fifth Third Bank v. United States*, 55 Fed. Cl. 372, 377 (2003) (corporate successors remain in privity of contract with their predecessors' contract counterparties). Chase cannot don the mantle of ASB and NACI without also accepting the bargain those parties struck in 1996, the clear terms of which preclude ASB and NACI — or Chase, as their purported successor — from filing separate briefs here.

The allocation among the plaintiffs of any judgment is a matter for the plaintiffs to settle among themselves, consistent with the rights and duties to which they all agreed in 1996. To the extent any dispute should arise among the plaintiffs, or any plaintiff should breach its duties under the 1996 agreement, such matters would concern neither the United States nor this Court, and should not be presented in this forum.

## CONCLUSION

For all the foregoing reasons, the Court should deny non-party Chase's motion for leave to file a separate post-trial brief on behalf of ASB and NACI.

October 5, 2009                                   Respectfully submitted,


*Of Counsel*:                                     _____/s/ Kent Yalowitz_____
                                                  Kent A. Yalowitz
Melvin C. Garbow                                  ARNOLD & PORTER, LLP
Michael A. F. Johnson                             399 Park Avenue
Joshua P. Wilson                                  New York, N.Y. 10022
Michael R. Hartman                                Tel:  (212) 715-1000
Alexea R. Juliano                                 Fax:  (212) 715-1399
James K. Rideout
Nellie C. Wigfall                                 *Attorney of Record for Plaintiffs*
ARNOLD & PORTER, LLP                                *American Savings Bank*, *F.A.*, *et al*
555 Twelfth Street, N.W.
Washington, D.C.  20004
Tel:  (202) 942-5000
Fax:  (202) 942-5999

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of October 2009, I caused the foregoing **PLAINTIFFS' OPPOSITION TO NON-PARTY CHASE'S MOTION FOR LEAVE TO FILE A POST-TRIAL BRIEF** to be filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

                                                             /s/ Alexea Juliano
                                                               Alexea Juliano