IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| AMERICAN SAVINGS BANK, F.A., et al., ) ) ) Plaintiffs, ) ) v. ) ) UNITED STATES, ) ) Defendant. ) | No. 92-872C (Senior Judge Smith) |

**DEFENDANT'S OPPOSITION TO MOTION OF PLAINTIFFS AMERICAN SAVINGS BANK, F.A. AND NEW AMERICAN CAPITAL, INC. FOR LEAVE TO FILE SEPARATE POST-TRIAL BRIEF RELATING TO DISTRIBUTION OF DAMAGES**

Defendant, the United States, respectfully submits this opposition to the motion for leave to file a separate post-trial brief relating to distribution of damages filed by JPMorgan Chase Bank, N.A. ("Chase"), as successor-in-interest to plaintiffs American Savings Bank, F.A. and New American Capital, Inc.  See Mot. Leave to File Separate Post-Trial Brief (Sep. 24, 2009).

## PROCEDURAL BACKGROUND

Plaintiffs filed suit in this Court alleging a breach of contract arising from the enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA"), Pub. L. No. 101-73, 103 Stat. 183 (Aug. 9, 1989) §§ 211, 401(a)(1).  On December 18, 2006, the Court, upon summary judgment, found the Government liable and awarded plaintiffs $55,028,000 in expectancy damages for breach of the Note Forbearance.  Am. Sav. Bank v. United States, 74 Fed. Cl. 756, 762 (2006).

The Court also awarded plaintiffs $346,506,000 as partial restitution for breach of the Warrant Forbearance.  Am. Sav. Bank v. United States, 62 Fed. Cl. 6, 14-19 (2004); Am. Sav., 74 Fed. Cl. at 761.  Upon appeal, the United States Court of Appeals for the Federal Circuit affirmed the award of $55,028,000 for the Note Forbearance, and reversed and remanded the

award of restitution for the Warrant Forbearance.  <u>Am. Sav. Bank v. United States</u>, 519 F.3d 1316, 1324-28 (Fed. Cir. 2008).  The Court conducted trial upon remand for breach of the Warrant Forbearance this year, and the case is currently undergoing post-trial briefing.

Washington Mutual, Inc. ("WMI"), owns 100 percent of the stock in five of the six plaintiffs.  On September 25, 2008, the Office of Thrift Supervision closed Washington Mutual Bank ("WMB"), the bank subsidiary of WMI.  The Federal Deposit Insurance Corporation ("FDIC") was named as receiver.  After this seizure, on September 25, 2008, the FDIC sold certain banking assets held by WMB to Chase.  On September 26, 2008, WMI filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware.

On October 29, 2008, plaintiffs filed a motion in this Court to enforce payment of the Court's $55,028,000 partial judgment award.  At the December 18, 2008 hearing concerning plaintiffs' motion, the Court heard a contention from counsel representing Chase, which had not yet intervened in the action, that Chase, as purchaser of WMB's assets, was entitled to the funds rather than WMI.  In the Court's December 19, 2008 order, the Court ordered payment to WMI in WMI's bankruptcy case.  <u>See</u> Order (Dec. 19, 2008).  The Court's order also provided that, "to the extent that any party asserts a claim to the proceeds of the Partial Final Judgment, any such claim must be brought in the Chapter 11 Case and (a) the United States Bankruptcy Court for the District of Delaware shall be the sole and exclusive forum for the resolution of any such claim . . . ."  Order (Dec. 19, 2008) at 3.

Following the December 19, 2008 order, Chase filed a motion to intervene and a motion for reconsideration of the payment order with this Court, seeking to have the $55,028,000 partial judgment funds paid into a separate, interest-bearing escrow account with the Court so that Chase

could assert its claim to the funds. See Chase. Mot. Intervene (Dec. 24, 2008); Chase Mot. Recon. (Dec. 24, 2008). Plaintiffs opposed Chase's motion to intervene. See Pl. Resp. Chase Mot. (Jan. 12, 2009).

Also following the Court's December 19, 2008 order, we filed a motion in the bankruptcy court seeking to lift the automatic stay for the purpose of enforcing any setoff rights held by the Internal Revenue Service ("IRS") against WMI in the bankruptcy proceeding. See Def. Opp. Mot. Enforce Judg. (Feb. 2, 2009). The bankruptcy court resolved this motion by establishing a separate, interest-bearing account with the bankruptcy court's registry, rather than directly to the WMI estate, for the purpose of resolving competing claims to the partial judgment. See Def. Opp. (Feb. 2, 2009). After this order from the bankruptcy court, the Court ordered payment of the partial judgment for the breach of the Note Forbearance to the account established by the bankruptcy court. See Order (Feb. 9, 2009). The Court accordingly denied Chase's motion to intervene, and denied as moot Chase's motion to reconsider the Court's earlier payment order. See Order (Feb. 9, 2009).

The Court conducted trial of plaintiffs' damages claims upon remand during April through July of this year, and plaintiffs and defendant filed post-trial briefs on September 22, 2009. At no point from the denial of its motion to intervene until now has Chase moved to submit separate evidence or a separate post-trial brief concerning of distribution of damages.

## ARGUMENT

The Court should deny the motion for leave to file the separate post-trial brief for two principal reasons. First, the Court should deny the motion because it repeats the substance of Chase's earlier motion to intervene, which the Court has already denied. Second, the Court

should deny the motion because any order from the Court directing distribution of damages would potentially impinge upon the bankruptcy court's ability to resolve competing claims to either the Note Forbearance judgment or any possible Warrant Forbearance judgment.

**I.     The Court Should Deny The Motion Because It Repeats Chase's Motion To Intervene, Which The Court Has Already Denied**

The Court should deny Chase's motion because, despite being styled as filed by American Savings Bank and New American Capital, Inc., the motion seeks to assert Chase's interests as successor to these two plaintiffs.  The Court has previously considered – and denied – Chase's earlier motion to intervene to assert its interests in this action.  See Order (Feb. 9, 2009).  As the motion does not specify any new developments that would justify a departure from the Court's previous ruling, the motion should be denied upon the same grounds as the original motion.  Similarly, Chase's alternate request to file a post-trial brief on its own behalf as an amicus curiae should be denied because Chase lacks standing.

Moreover, Chase's motion for leave to file a separate post-trial brief contradicts this Court's order requiring plaintiffs and the Government each to file one post-trial brief.  Although Chase contends that its motion does not speak to the amount of damages to be awarded – and any statements to that effect in the motion should be disregarded – the motion nevertheless seeks to create a second post-trial brief for plaintiffs.  The Court should thus deny the motion to prevent the procedural inequity from permitting plaintiffs to file two post-trial briefs.

**II.    Permitting Chase To Assert Its Rights To Any Eventual Judgment In This Court Would Potentially Impinge Upon The Bankruptcy Court's Jurisdiction**

The Court should deny the motion because the any order from the Court regarding distribution of damages would potentially impinge upon the bankruptcy court's jurisdiction to

resolve the competing claims to the Note Forbearance judgment and any possible Warrant Forbearance judgment.  Chase's request contradicts the Court's order to pay the Note Forbearance judgment to the separate account established with the bankruptcy court to resolve any competing claims to the funds.  See Order (Feb. 9, 2009).  Any ruling from this Court concerning ownership of the claim would infringe upon the bankruptcy court's jurisdiction to define the bankruptcy estate.

Even if the Court were to make findings of fact regarding which plaintiff would be entitled to the judgment, this too would prejudice the bankruptcy court's ability to determine whether the claim is part of the bankruptcy estate.  The Court should avoid any potential res judicata effects from such a decision by permitting the bankruptcy court to resolve all claims within the bankruptcy proceeding.

Moreover, an order directing payment to any party, including Chase, could prejudice the setoff rights for the IRS claim against WMI.  Per the bankruptcy court's instruction, payment into the registry will not extinguish any right of setoff asserted by the Government, and the funds will not be released until the bankruptcy court resolves the Government's setoff motion and WMI's objections to the IRS's proof of claim.  This setoff claim was the reason for our original motion in the bankruptcy court, and was the reason for establishing the separate account in the bankruptcy proceeding for the Note Forbearance judgment.  Any order from the Court sending funds to a different location would impinge upon the bankruptcy court's jurisdiction, and could potentially prejudice our setoff rights.

Chase's assertion that the individual plaintiffs' economic incentives are not aligned also does not justify its motion.  Chase made a similar argument in its previous motion to intervene,

which the Court denied.  See Chase Mot. Intervene (Dec. 24, 2008); Order (Feb. 9, 2009). Although Chase asserts that the plaintiffs' interests are not economically aligned, the Court has made no such finding, and has not taken evidence into the record concerning this issue.  To the contrary, all of the plaintiffs are asserting the same cause of action for breach of contract, resulting from the same breach.

Moreover, any divergence of plaintiffs' interests is not properly before this Court because counsel for Arnold & Porter have represented all plaintiffs throughout the remand proceeding. Plaintiffs oppose Chase's position upon the grounds that Chase is bound to the agreement that all plaintiffs signed in 1996 to permit the Litigation Committee to direct the course of the case. Although we take no position as to the substance of this intra-plaintiff dispute, any resolution of this dispute by the Court would necessarily involve questions now committed to the bankruptcy court.  Accordingly, it should be decided where the plaintiffs are separately represented and adversarial to one another – the bankruptcy court.

### III.    If The Court Allows Chase To File A Brief, We Should Be Permitted An Opportunity To Respond

If the Court permits Chase to file a brief, the Court should allow the Government to file a responsive brief, of similar length, 2 weeks later.

## CONCLUSION

For these reasons, we respectfully request that the Court deny Chase's motion.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MICHAEL F. HERTZ<br>Deputy Assistant Attorney General |
|  | JEANNE E. DAVIDSON<br>Director |
|  | s/ Kenneth M. Dintzer<br>KENNETH M. DINTZER<br>Assistant Director |
| OF COUNSEL:<br>SCOTT D. AUSTIN<br>Senior Trial Counsel<br>WILLIAM G. KANELLIS<br>VINCENT D. PHILLIPS<br>JACOB A. SCHUNK<br>SAMEER YERAWADEKAR<br>Trial Attorneys<br>Civil Division<br>Department of Justice | s/ John J. Todor<br>JOHN J. TODOR<br>Trial Attorney<br>Commercial Litigation Branch<br>Civil Division<br>Department of Justice<br>1100 L Street, N.W.<br>Attn: Classification Unit, 8th Floor<br>Washington, D.C. 20530<br>Tele: (202) 616-2382<br>Fax: (202) 514-8640 |
| October 13, 2009 | Attorneys for Defendant |

**CERTIFICATE OF SERVICE**

I certify that on this 13th day of October, 2009, I caused the foregoing **"DEFENDANT'S OPPOSITION TO MOTION OF PLAINTIFFS AMERICAN SAVINGS BANK, F.A. AND NEW AMERICAN CAPITAL, INC. FOR LEAVE TO FILE SEPARATE POST-TRIAL BRIEF RELATING TO DISTRIBUTION OF DAMAGES "** to be filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

s/ John J. Todor