## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AMERICAN SAVINGS BANK, F.A., *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| *vs.* | ) | No. 92-872 C |
| | ) | (Senior Judge Loren A. Smith) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY IN SUPPORT OF MOTION OF PLAINTIFFS AMERICAN SAVINGS BANK, F.A. AND NEW AMERICAN CAPITAL, INC. FOR LEAVE TO FILE SEPARATE POST-TRIAL BRIEF RELATING TO DISTRIBUTION OF DAMAGES

The other plaintiffs in this case ("the non-moving plaintiffs") and the Government have both opposed the motion of plaintiffs American Savings Bank and New American Capital, Inc. to file a separate post-trial brief on various grounds.  None of the objections posed by the non-moving plaintiffs or the Government has any merit, as discussed below.

Fundamentally, both the non-moving plaintiffs and the Government  misunderstand the relief we are seeking.  We are not asking the Court to direct judgment to JPMorgan Chase. (Conversely, we <u>are</u> asking that it likewise not direct judgment to WMI.)  We are asking that rather than direct judgment to the "plaintiffs" generally, the Court, in its final judgment and/or its findings of fact and conclusions of law, specify which of the original named plaintiffs is entitled to which damages.  Indeed, as set forth in our motion, the Court is required to make those distinctions:  "[W]here the rights of the parties and the relief to which they are entitled are different, the judgment may not be joint but should be several."  A.C. Freeman, <u>A Treatise on the Law of Judgments</u> § 100 (5th ed. 1993).  Once judgment is issued, if there is at that time any

dispute as to which current entity (JPMorgan Chase or WMI) has succeeded to the rights of those original named plaintiffs, that dispute can then be resolved by the appropriate court.

With that understanding, it is difficult to see how either the non-moving plaintiffs or the Government have any legitimate objection to the filing of the proposed brief.

1. <u>This Court has not foreclosed the filing of a separate brief, and in fact expressly contemplated it.</u>  The non-moving plaintiffs assert that the Court "has already considered and rejected Chase's attempt to insert itself into this action."  Plaintiffs' Opposition (Oct. 5, 2009) at 1; *see also* Defendant's Opposition (Oct. 13, 2009) at 4.  In fact, what the Court denied earlier this year was a request by JPMorgan Chase to intervene in the case and to participate in pre-trial and trial proceedings, on the grounds that "it always has the potential for disruption when you add another manager to any joint effort."  Transcript of Feb. 6, 2009 Hearing at 98.  Now that trial is concluded, that is no longer a concern.  At that same time, moreover, the Court expressly stated that it would "liberally consider a brief amicus brief."  *Id.*  The pending motion concerns not a request by JPMorgan Chase to intervene generally in the case, but rather a request by American Savings Bank and New American Capital -- which are already plaintiffs in the case -- to submit a separate post-trial brief on the narrow question of the distribution of damages.

The non-moving plaintiffs also assert that JPMorgan Chase's "purported concerns lack any substantial foundation" because of the parties' experience with the prior Note Judgment, which was paid into the WMI bankruptcy court "and about which we have heard no complaint."  Opposition at 2.  To the contrary, award of the Note Judgment remains in dispute, and the only reason there has been no complaint is because, eight months later, the bankruptcy court has yet to act on that dispute.  (And to clarify, the bankruptcy court ordered the Note Judgment to be paid

into that court's registry, not the WMI bankruptcy estate, precisely because of the pending dispute over entitlement to the judgment.)

2. <u>The Merger Agreement does not control this dispute.</u>  Non-moving plaintiffs cite language from the 1996 Merger Agreement that Arnold & Porter "shall have no duty to the WM Entities," including American Savings and New American Capital.  Plaintiffs' Opposition at 3. First, we are not seeking to impose any duty on Arnold & Porter, but merely leave to file a separate post-trial brief addressing an important issue that is ancillary to the merits issues briefed by Arnold & Porter.

Second, the language cited refers to "early termination or resolution of the Case" -- *i.e.*, settlement -- which is not at issue here.

Third, the purpose of the litigation committee provision of the Merger Agreement was to deal with any disputes that might arise over the conduct and resolution of the case as between WMI and Keystone.  The Merger Agreement -- which American Savings and New American Capital executed at a time when they were under the control and domination of Keystone Holdings Partners -- says nothing about resolution of disputes as between WMI and Washington Mutual Bank, because it did not contemplate the factual situation now facing the parties:   the breakup of Washington Mutual, and subsequent conflict of interests as between WMI and Washington Mutual Bank.  Thus the Merger Agreement gives neither the litigation committee nor Arnold & Porter authority to resolve those disputes.

3. <u>This Court need not resolve a dispute among the plaintiffs as to distribution of any judgment.</u>  On this point, the parties essentially agree.  We are not asking the Court to resolve any dispute between JPMorgan Chase and the WMI bankruptcy estate, as successors to the

original plaintiffs in the case, over entitlement to any damages this Court may award.  We are

simply asking that this Court follow the law applicable to the matters before it.

As summarized in the motion for leave to file, and as set forth more fully in the proposed

brief, the law is clear as to which plaintiffs are entitled to which damages -- *i.e.*, American

Savings Bank, and not its direct or indirect shareholders, is entitled to any award of lost profits,

and similarly New American Capital is entitled to any award of cost of replacement capital

damages.  Based on the authorities provided to the Court, there can be no dispute about those

basic principles of corporate law.

Moreover, for reasons of judicial economy and consistency, this issue should be

addressed by this Court in the first instance, and not deferred to some other court.  As this Court

has held in other cases where a plaintiff sought apportionment of damages, "it would be unfair to

place the burden of apportioning the damages on another court when this court is already

familiar with the extensive facts of this large and complex case."

> It is clearly a far more efficient use of judicial resources for this
> court rather than a new trial court to make the final determination
> concerning how the judgment should be apportioned.  In addition,
> this court is in the best position to ensure that any evidence
> presented on the apportionment issue (if, indeed, additional
> evidence is necessary), does not contradict the evidence and
> findings already existing in the case.

Whitney Benefits, Inc. v. United States, 25 Cl. Ct. 232, 234 (1992); *accord* Ambase Corp. v.

United States, 61 Fed. Cl. 794, 799-800 (2004).

If, as a separate matter of contract interpretation or under some other theory, WMI

believes that it has a right to demand that American Savings and New American Capital remit

any damages recovery to WMI, then that dispute can be raised and resolved in an appropriate

forum.  This Court's duty, however, is to award damages to the plaintiff that suffered them.

- 4 -

Alternatively, we are requesting that the Court at least enter particular findings of fact and conclusions of law as to which plaintiff incurred which damages, so that in the event some other court takes up the question of allocation of those damages, that court will have the benefit of this Court's factual determinations based on the testimony and exhibits presented to the Court at trial.

4.   <u>Apportionment of damages has no bearing on the Government's claimed right of set-off.</u>   Finally, the Government asserts that apportioning the judgment "could prejudice the setoff rights for the IRS claim against WMI," and similarly would "prejudice the bankruptcy court's ability to determine whether the claim is part of the bankruptcy estate."  Defendants' Opposition at 5.  These contentions are straw men.  If the judgment is directed to American Savings Bank or New American Capital, which (as part of Washington Mutual Bank) were divested from WMI when the Bank was seized by the OTS, then the judgment would not belong to WMI, it would not be part of the bankruptcy estate, and it would not be subject to any IRS setoff.  Again, if WMI believes it can demand that Washington Mutual Bank (or its successor) remit any judgment to WMI, that dispute can be raised at the appropriate time and in the appropriate forum.

For these reasons, and as set forth more fully in the initial Motion, plaintiffs American Savings Bank and New American Capital, Inc. request that the Court grant leave to file the separate post-trial brief lodged as Exhibit A to the Motion.


Respectfully submitted,


Dated:  October 19, 2009                 /s/ Edwin L. Fountain_____
                                          Edwin L. Fountain
                                          JONES DAY
                                          51 Louisiana Ave., NW
                                          Washington, DC  20001-2113
                                          Tel:  (202) 879-3939
                                          Fax:  (202) 626-1700

                                          **_Counsel for Plaintiffs American Savings Bank, F.A. and New American Capital, Inc., through their successor in interest JPMorgan Chase Bank, N.A._**

WAI-2939706v1

## CERTIFICATE OF SERVICE

I certify that on this 19th day of October, 2009, I caused the foregoing copy of this Reply in Support of Motion of Plaintiffs American Savings Bank, F.A. and New American Capital, Inc. for Leave to File Separate Post-Trial Brief Relating to Distribution of Damages to be filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

/s/ Edwin L. Fountain